■ AL SCHERTZER et al., Respondents, v. UPJOHN Co., Also Known as UPJOHN DRUG Co., Appellant.— In an action to recover damages for personal injuries sustained by plaintiff Al Schertzer and for his wife's loss of his services, defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County, dated September 20, 1972, as, with respect to its motion for a protective order, (1) denied, without prejudice to renewal, so much of the motion which sought to require that all discovery against it take place in Kalamazoo, Michigan, and (2) denied in part so much of the motion as sought to vacate certain of plaintiff's interrogatories. Order modified by adding to the first sentence of the second decretal paragraph thereof a provision (1) striking interrogatories 18, 25, 26, 27, 28(e), 29, 38, 40, 41, 42 and 43; (2) limiting interrogatories 4, 10, 13, 17, 19, 22, 23, 24, 33 and 37 to read as follows: " 4. List each report received by you from any person, institution, organization, or group other than your own company which made tests on Orinase prior to the time it was offered for sale to the public, giving the name and address of the sender, the date of such report, and its present location; 10. State whether or not you have ever received any written communication from anyone raising any question about the safety in the use of Orinase or its possible adverse side effects; and, if you say you have received any such communication, list the name and address of the sender, the date thereof, and its nature; 13. Was there any indication from any of the tests on the side effects of Orinase that the same might produce damage to the cardiovascular system, even though taken in the dosage recommended by the defendant; 17. State in detail what contacts and efforts were made by the defendant to secure F.D.A. approval of Orinase; 19. List the forms in which the drug Orinase was approved by the F.D.A.; 22. With regard to the period of time prior to the final F.D.A. approval of the N.D.A. for Orinase, please state any and all side effects of Orinase which you knew of but did not report to the F.D.A.; 23. State whether or not you gave any information concerning side effects or possible side effects from the use of Orinase to the F.D.A. prior to the final approval of the N.D.A. for Orinase; and, if you did, state whether or not it was contained in your written application or communications; 24. Did you report to the F.D.A. the results of continued tests of Orinase as they became available, after approval of the N.D.A.; 33. Give the name, address and position of the person employed by your company in charge of the developing, testing and marketing of Orinase, as well as the securing of the clearance by F.D.A. for the marketing and use; 37. State the lawsuits filed within the last three years against your company based upon the alleged adverse side effects of Orinase; and list as to each such lawsuit the following information: The name and nature thereof, the court in which pending, the docket number and the plaintiffs' attorney;" and (3) granting defendant the option of furnishing copies of the relevant documents and records (located in Kalamazoo, Michigan) in lieu of formally answering the interrogatories where applicable, so long as defendant (a) specifies which interrogatories are being answered in this manner and (b) identifies each of the copies so supplied to show to which particular interrogatory it relates. As so modified, order affirmed insofar as appealed from, without costs. In our opinion, plaintiffs' interrogatories seek information which is either immaterial, irrelevant, privileged, or are couched in such broad and general terms as to be unduly burdensome (*Brooklyn Bur. of Social Serv. & Children's Aid Soc.* v. *Transamerica Ins. Co.*, 28 A D 2d 841). It is our further opinion that, under the interrogatories, as now limited, copies of the relevant documents and records (located in Kalamazoo, Michigan) are no longer

required (cf. *Gellis* v. *Searle & Co.*, 40 A D 2d 676); however, defendant should be given the option of furnishing such copies in lieu of formally answering the interrogatories where applicable, subject to the conditions hereinabove prescribed. Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.