■ MILTON HILL, as Administrator of the Estate of IMOGENE HILL, Deceased, Respondent, v TRAILWAYS TAMIAMI, INC., Appellant, et al., Defendants. — In an action to recover damages for personal injuries and wrongful death, defendant Trailways Tamiami, Inc. appeals from (1) an order of the Supreme Court, Kings County (Pino, J.), entered May 28, 1981, which denied its motion to strike plaintiff's interrogatories and granted plaintiff's cross motion to serve an amended complaint; and (2) a further order of the same court (Adler, J.), dated October 14, 1981, which, upon plaintiff's motion for an order directing that the action be set down for an inquest and an assessment of damages and that judgment be entered against defendant, Trailways Tamiami, Inc., upon the ground of said defendant's default in answering the amended complaint and failure to answer interrogatories as propounded, directed Trailways to answer plaintiff's amended complaint, and to answer plaintiff's interrogatories. Order entered May 28, 1981 affirmed, without costs or disbursements. Order dated October 14, 1981 modified by adding a provision thereto providing that plaintiff's request for interrogatories is deemed a request addressed to the amended verified complaint and appellant's answers to the interrogatories are deemed a response thereto. As so modified, order affirmed, without costs or disbursements. Some of the interrogatories served by plaintiff sought information concerning allegations of negligent hiring and maintenance. Such allegations were set forth in the third cause of action in plaintiff's proposed amended verified complaint. Appellant's motion to strike was addressed to the original complaint. That complaint contained only allegations of negligent operation of the bus. Although appellant is correct in arguing that some of the interrogatories served by plaintiff were irrelevant to allegations contained in the original complaint (see *Schertzer v Upjohn Co.,* 42 AD2d 790), the interests of judicial economy would best be served by the modification of Special Term's order dated October 14, 1981 as indicated herein. We reach this conclusion in light of our finding that Special Term properly permitted plaintiff to amend his complaint and in light of the fact that responses to all the requested interrogatories have already been served by appellant. Lazer, J. P., Mangano, Brown and Niehoff, JJ., concur.