OPINION OF THE COURT
Edward J. Amann, J.
In the present motion, the defendants seek an order pursuant to CPLR 3101 (d) (1) and (h) "compelling plaintiff to provide the defendant with an expert witness disclosure in compliance with a supplemental demand”.
The plaintiff opposes the instant application on the ground that a note of issue has already been filed.
The first issue to be considered by the court is whether *977 CPLR 3101 (h), relied upon by the defendants, authorizes the making of a motion to obtain the supplementary material.
While the statute does not provide for motion practice, except where a party obtains information on the eve of trial, it does provide that "[further amendment or supplementation may be obtained by court order.” (CPLR 3101 [h].) That being the case, the court finds that where one party knows that the opposing side has information, but has not supplied it, the party seeking the information may move the court to force an amendment or supplementary response.*
Having found that a motion is an appropriate means of bringing the matter before the court, it remains to decide if the defendants are entitled to the information they seek.
The subdivision provides two instances where additional material need be provided. The first is where the original response was "incorrect or incomplete” when submitted. In the present case the response was complete and correct when made, however, case law subsequently expanded the scope of information which could be obtained regarding an expert, who was expected to testify at trial. (Jasopersaud v Tao Gyoun Rho, 169 AD2d 184.)
The second reason for supplying additional information is that while the original response was correct and complete when submitted, it is no longer correct or complete and a failure to amend or supplement the response would be materially misleading.
In the present case, it would appear that the original response of the plaintiff was correct and complete when made, but the changes in circumstances now render the response incomplete. Accordingly, it must be supplemented, if it would be materially misleading. The court finds that the failure to provide the material would not be misleading. The information, while helpful in preparing cross-examination of the plaintiff’s expert, is not totally necessary and the failure to provide it would not in any way mislead the defendants.
Accordingly, given the requirement set forth in the language of the statute, the motion is denied.

 In the normal case it is rare that a party will know that the opposing side possesses new information, in such cases a letter putting the opposing side on notice of the requirements of section 3101 (h) will generally be sufficient to support an application for preclusion, mistrial or stay where the evidence is sought to be introduced.