■ ROSA R. THOMAS, Appellant, v ERNEST HOLZBERG et al., Respondents. [642 NYS2d 12] —Order, Supreme Court, Bronx County (Barry Salman, J.), entered March 27, 1995, which, to the extent appealed from as limited by plaintiff-appellant's briefs, denied that part of her motion for discovery with respect to "the entire litigation file" of the underlying action which forms the basis of this malpractice action, unanimously affirmed, without costs.

In an action for professional malpractice brought by plaintiff against her former counsel who represented her in a personal injury action dismissed on default, the IAS Court properly

denied plaintiff's motion for discovery of "the entire litigation file" in the underlying personal injury action. In response to this request, defendants have furnished all pleadings, motions, court orders and other documents filed and exchanged in court contained in the file. In addition, defendants supplied responses to plaintiff's other separate and specific requests for documents, such as "correspondence exchanged" between plaintiff and defendant, the retainer agreement, the closing statement, the disbursement file, investigatory material, and statements given and received of plaintiff and defendant relative to her representation in the underlying action.

Contrary to plaintiff's claimed entitlement to unparticularized notes, memoranda and other writings, including recordation of mental impressions, plaintiff's demand for the "entire litigation file" lacks "reasonable particularity" of such items (CPLR 3120 [a] [2]) so as to enable the court to intelligently adjudicate plaintiff's right thereto (*see, Konrad v 136 E. 64th St. Corp.*, 209 AD2d 228). We have considered plaintiff's other contentions and find them to be without merit. Concur—Ellerin, J. P., Wallach, Ross, Nardelli and Tom, JJ.