OPINION OF THE COURT
Doris Ling-Cohan, J.
This is an action for damages for personal injuries allegedly sustained due to a falling wood slab from a passing subway train. Pursuant to CPLR 3126, plaintiffs move, inter alia, to strike defendant’s answer for failing to produce a witness for examination before trial in accordance with a preliminary conference order dated February 2, 1995. Defendant has cross-moved to compel plaintiffs to provide various authorizations for medical records and formal responses to its discovery demands.
This motion and cross motion present three issues for disposition: (1) whether the circumstances surrounding the defendant’s failure to appear at a court-ordered deposition warrant the striking of defendant’s answer; (2) whether plaintiffs were under a continuing obligation, pursuant to CPLR 3101 (h), to amend/supplement their responses to defendant’s prior discovery demand for medical and hospital records; and (3) whether it is proper for a plaintiff in a personal injury action to shield records from her treating physician based on a claim *697 that the material was prepared for litigation. The second issue is of apparent first impression.
Striking the Answer
In opposition to plaintiffs’ motion, defendant’s attorney has failed to supply the court with an excuse for its client’s failure to appear at the previously court-ordered examination before trial, scheduled to be held on May 4, 1995. Defendant also does not dispute plaintiffs’ contention raised in the moving papers that defendant failed to appear at the rescheduled deposition on August 10, 1995. However, in its opposition defendant does indicate a current willingness to comply.
Striking the answer of a party is an “extreme and drastic penalty” warranted only where the conduct is “clearly deliberate or contumacious”. (Henry Rosenfeld, Inc. v Bower & Gardner, 161 AD2d 374 [1st Dept 1990].) Even where there was an inexcusable and repeated failure to appear for a court-ordered deposition, striking the answer for failure to appear for a deposition has been held to be too drastic a remedy. (Davis v City of New York, 205 AD2d 442 [1st Dept 1994]; see also, Matter of Hunter Mech. Corp. v Salkind, 237 AD2d 180.) Nevertheless, defendant’s failure to follow the court’s preliminary conference order directing that the deposition be held cannot be ignored by this court. Although the court is not satisfied that defendant and its counsel’s actions in failing to comply with the preliminary conference order dated February 2, 1995 were so willful and contumacious as to warrant the extreme penalty of striking defendant’s answer, they do warrant the imposition of reasonable attorneys’ fees to compensate plaintiffs for the additional time and expense incurred in seeking the previously ordered relief. (See, Oppenheim & Macnow v Worth, 103 AD2d 687 [1st Dept 1984]; Heyward v Benyarko, 82 AD2d 751 [1st Dept 1981].) Plaintiffs’ request for attorneys’ fees is therefore granted. (See, Garfield v Done Fashion, 227 AD2d 128 [1st Dept 1996]; Marotta v Rood, 65 AD2d 807 [2d Dept 1978].) Furthermore, a conditional order striking the answer is warranted as set forth below. (See, Garfield v Done Fashion, supra, at 128.)
Accordingly, plaintiffs’ motion to strike defendant’s answer is granted to the extent it is ordered that defendant appear and submit for examination before trial by producing a witness or witnesses with knowledge of railroad operations, including operations of the No. 2, White Plains Road train at the time and site of the alleged accident, at a Special Term, Part II, of *698 this courthouse (room 118M) on Wednesday, June 4, 1997, at 10:00 a.m., or at another date and location agreed to pursuant to written stipulation between the parties. The party to be examined shall produce all relevant books, records, documents and reports for use in connection with such examination; it is further ordered that defendant pay plaintiffs $500 towards their attorney’s fees in accordance with CPLR 3126, within 45 days of service of a copy of this order; it is further ordered that plaintiffs’ time to file a notice of trial is extended through December 31, 1997.
Additionally, it appearing that defendant has failed to comply with the preliminary conference order dated February 2, 1995, upon defendant’s failure to comply as ordered above, it is ordered that defendant’s answer is stricken in accordance with CPLR 3126.
Additional Medical Authorizations/Records
Defendant cross-moves to compel plaintiffs to provide various medical authorizations to obtain medical records and formal responses to its discovery demands dated January 25, 1994. It is undisputed that defendant previously served upon plaintiffs a “Demand for Medical and Hospital Records” dated January 25, 1994, which includes a request for authorizations. It is also undisputed that prior to the deposition of plaintiff Michelle Dehaney, plaintiffs provided defendant with several authorizations to obtain various medical records. According to defendant, however, it is entitled to further medical records and authorizations because plaintiff Michelle Dehaney made references to Dr. Tarlin and Dr. Michael at her deposition for which authorizations were not previously provided.
Plaintiffs argue that all previously demanded discovery has been provided. Additionally, plaintiffs maintain that, as to defendant’s request that this court order plaintiffs to provide original authorizations for Dr. Tarlin and Dr. Michael, defendant must serve a new demand for these additional authorizations. Plaintiffs’ argument that “[s]ince defendant has never requested by written notice, request or demand authorizations for new doctors, plaintiffs are not in default of any such production, there is no discovery due from them that is outstanding and this cross-motion is without foundation and groundless” is without merit.
This court holds that, pursuant to CPLR 3101 (h), plaintiffs are under a continuing obligation to amend/ supplement their responses to defendant’s prior discovery *699 demands and that a new demand for these authorizations need not have been served by defendant. Although CPLR 3101 (h) is a relatively new section and there is little case law, it is clear on its face. CPLR 3101 (h) requires that a party amend/ supplement its response to a request for disclosure promptly upon obtaining information that the response was incorrect or incomplete when made, or that the response, though correct and complete when made is, no longer correct and complete, and that the circumstances are such that a failure to amend or supplement the response would be materially misleading. CPLR 3101 (h), effective January 1, 1994, was modeled after rule 26 (e) of the Federal Rules of Civil Procedure which explicitly requires that a party, under certain circumstances, promptly supplement or amend responses to disclosure requests. (See, 2 Weinstein-Korn-Miller, NY Civ Prac ¶ 3101.61; 1993 McKinney’s Session Laws of NY, at 2951.)
Simply put, CPLR 3101 (h) imposes a “duty”, and requires all parties to “assume the initiative” and correct discovery responses to disclosure requests under certain specified circumstances. (See, 2 Weinstein-Korn-Miller, op. cit, at 31-260.) As plaintiffs concede that there are additional treating doctors, it would be materially misleading not to amend or supplement the previous discovery response and provide additional authorizations for these doctors’ medical records. Although CPLR 3101 (h) does not specifically provide for motion practice, where one party knows that the opposing side has information but has not supplied it, the party seeking the information may move the court to force an amendment or supplementary response. (Green v Staten Is. Univ. Hosp., 161 Misc 2d 976, affd 221 AD2d 416 [2d Dept 1995].) Accordingly, defendant need not serve a new demand.
Plaintiffs’ further opposition to providing the additional authorizations to obtain medical records, based on a claim that it is material prepared for litigation, is also misplaced. The issue of medical reports from treating physicians was dealt with by the Court of Appeals in Hoenig v Westphal (52 NY2d 605 [1981]). As stated by the Court of Appeals:
“CPLR 3101 defines the scope of disclosure and provides that £[t]here shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action’ * * * [and] has been liberally construed to require disclosure where the matter sought will ‘assist preparation for trial by sharpening the issues and reducing delay and prolixity’ * * * restricted only by a test for materiality ‘of usefulness and reason’ * * *
*700 “Plaintiffs offer no reason to shield these doctors' reports from discovery * * * The procedures advance the truth-determining function of trial and speedy disposition of cases * * * With the advent of liberal disclosure rules, there was an abandonment of the notion that the results of trial would be based on tactics or surprise; the outcome is to be based on the facts as developed through meaningful preparation prior to trial.
“Plaintiffs have placed their physical condition in controversy and may not insulate from disclosure material necessary to the defense concerning that condition”. (52 NY2d, supra, at 608-610 [emphasis supplied].)
Similarly, in the case at bar, plaintiff Michelle Dehaney has placed her physical condition in controversy and therefore may not insulate from disclosure the material sought by defendant.
Additionally, section 208.13 of the New York City Civil Court Rules (22 NYCRR 208.13), titled “Exchange of Medical Reports in Personal Injury and Wrongful Death Actions”, and which is applicable where there is a request for a physical examination,* provides in pertinent part in subdivision (g) that: “If any party desires at the trial to offer the testimony of additional treating or examining physicians, other than whose medical reports have been previously exchanged, the medical reports of such physicians, complying with the requirements of paragraph (1) of subdivision (b) [of this section] shall be served upon all parties at least 30 days before trial.”
Furthermore, section 208.13 (h) provides that: “Unless an order to the contrary is made * * * the party seeking to recover damages shall be precluded at the trial from offering in evidence any part of the hospital records and all other records * * * not made available pursuant to this rule, and no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any treating or examining physicians whose medical reports have not been served as provided by this rule.”
Rather than engaging in “trial by ambush”, a plaintiff has an obligation to be forthcoming as to subsequent/additional medical providers. Unfortunately, all too often parties “discover” new medical providers on the eve of trial. (See, eg., Daguaro v Bratke, 145 Misc 2d 904 [Civ Ct, Queens County 1989].) An earlier exchange may assist trial preparation and *701 settlement negotiations. Accordingly, defendant’s cross motion to compel plaintiffs to comply with all outstanding discovery is granted to the extent it is ordered that, within 30 days of service of this order, plaintiffs shall provide defendant with authorizations for Dr. Tarlin, Dr. Michael and any other medical providers who were seen by plaintiff Michelle Dehaney, after the date of deposition, for diagnosis and/or treatment in connection with the injuries claimed in the within action. Plaintiffs shall also provide authorizations to obtain any and all reports and tests concerning plaintiff Michelle Dehaney’s diagnosis and treatment, which were not previously provided.
As to defendant’s other discovery requests, plaintiffs have supplied proof in their opposition to the cross motion, unrefuted by defendant, that the requested information was previously provided. Accordingly, defendant’s additional requested relief is denied.

 It is undisputed that a physical examination of plaintiff Michelle Dehaney was held.