JAMES E. STIPES, II, Respondent, v STANLEY WORKS et al., Appellants, et al., Defendants. (And a Third-Party Action.) [691 NYS2d 535] —In an action to recover damages for personal injuries, the defendants Stanley Works and Stanley-Bostitch, Inc., appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated July 29, 1998, as (1) denied their motion for a protective order and to compel disclosure of certain records in the possession of the plaintiff's expert and the plaintiff's attorney, and (2) granted that branch of the plaintiff's cross motion which was to strike their answer unless they complied with a prior order of the same court dated January 21, 1998, granting the plaintiff's prior motion to produce, *inter alia,* all documents requested in the plaintiff's demand for discovery and inspection dated September 10, 1997.

Ordered that the order is modified by (1) deleting the provision thereof granting that branch of the cross motion which was to strike the appellants' answer unless they complied with so much of the order dated January 21, 1998, as granted that branch of the plaintiff's prior motion which was to produce product test documentation not relating to the operation or function of components of the Stanley-Bostitch N80SB pneumatic stick nailer which allegedly caused the plaintiff's injuries and substituting therefor a provision denying that branch of the cross motion, and (2) deleting the provision thereof denying that branch of the appellants' motion which was to compel disclosure of the documents demanded in item 2 of the appellants' notice to produce dated April 6, 1998, and substituting therefor a provision compelling disclosure of the documents demanded in item 2 to the extent that it requests a copy of any of the appellants' statements that will be introduced at trial against them; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the time for the appellants and the plaintiff to comply with the above discovery demands is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

The appellants claim that certain testing protocols, operating procedures, and test information are not discoverable as trade secrets. However, the conclusory employee affidavit submitted by the appellants does not establish that the test documentation sought to be protected is a trade secret (*see,*

*Ashland Mgt. v Janien,* 82 NY2d 395; *Sheldon v Kimberly-Clark Corp.,* 111 AD2d 912). Generally, product safety tests are discoverable (*see, Romain v Schwartz,* 110 AD2d 694). Nevertheless, the plaintiff's demand for product test documentation not relating to the operation or function of components of the Stanley-Bostitch N80SB pneumatic stick nailer which allegedly caused the plaintiff's injuries is immaterial, irrelevant, and/or unduly broad (*see, Schertzer v Upjohn Co.,* 42 AD2d 790). As a result, the scope of discovery of the appellants' product test documentation has been limited as indicated.

Contrary to the appellants' contentions, production of test documentation prepared by the plaintiff's expert is not required herein (*see, Barrowman v Niagara Mohawk Power Corp.,* 252 AD2d 947; *Matter of Love Canal Actions,* 161 AD2d 1169, *affd* 92 AD2d 416). However, the appellants are entitled to a copy of their statements in the possession of the plaintiff's counsel which will be introduced at trial against them (*see,* CPLR 3101 [e]; *Sands v News Am. Publ.,* 161 AD2d 30). Mangano, P. J., Friedmann, McGinity and Feuerstein, JJ., concur.