OPINION OF THE COURT
Doris Ling-Cohan, J.
In this motion to compel, plaintiffs have raised a novel issue as to whether a party is required to disclose all documents it intends “to introduce or rely upon at trial,” prior to trial.
Background
Plaintiffs were tenants in apartment 10D (premises) at 170 East 77th Street, New York, New York (the building), from January 2004 through October 2007. On or about July 2007, plaintiffs commenced this mold/personal injury action, asserting four causes of action against defendants: (1) breach of an implied warranty of habitability; (2) negligence; (3) retaliatory eviction; and (4) attorneys’ fees, costs and expenses. Plaintiffs claim that defendants intentionally, willfully, and maliciously breached their duties to plaintiffs. (Notice of supplemental motion to compel [motion], Hagemeier aff, at No. 4.) Plaintiffs seek compensatory and punitive damages for each of their claims.
After a discovery conference held on August 8, 2008, this court ordered the production of “documentation as to communications between any tenants/unit owners of the ‘D’ line of the subject building and defendants regarding leaks/mold in their respective units.” (Motion, exhibit E, at No. 19.)
Motion to Compel
Plaintiffs have filed the within motion seeking to compel the production of the “documentation as to communications between defendants and any tenant and/or owner of a unit,” applied to the entire 56-unit building, from January 2002 to date. (Notice of motion at 1.) Plaintiffs also seek to compel the production of documents that defendants intend to introduce at the trial of this action.
Disclosure of Landlord-Tenant Communications
CPLR 3101 (a) provides for broad disclosure stating, “There shall be full disclosure of all matter material and necessary in the prosecution or defense of an action.” The statutory language has come to mean “relevant.” (Siegel, NY Prac § 344, at 550 [4th ed].)
Plaintiffs allege, under their implied warranty of habitability and retaliatory eviction claims, that defendants dealt with *1105 plaintiffs with willful and malicious intent. As such, plaintiffs argue that defendants’ responses to complaining tenants in the entire building would be probative of intent. (Motion, Hagemeier aff, at No. 20.) Plaintiffs further state that this disclosure would help determine defendants’ state of mind (reply affirmation at No. 14).
Defendants object to this disclosure request due to its burden on defendants and the irrelevance of the documents sought. On consent, defendants have already supplied to plaintiffs documentary discovery with respect to landlord-tenant communications regarding leaks for the “D” line of apartments. The apartment at issue is on such line. Defendants maintain that to provide such disclosure for the rest of the apartment complex would require a week’s worth of file review (opposition affirmation at No. 8). Defendants further claim that the disclosure requested is irrelevant to this case.
In support of their motion, plaintiffs fail to provide case law specifically on point with respect to their novel arguments as to the intent and state of mind of the landlord.[1] Moreover, the retaliatory eviction statute makes no mention of intent or state of mind (see Real Property Law § 223-b). Similarly, the warranty of habitability statute does not look to intent or state of mind (see Real Property Law § 235-b). Rather, the focus is on the specific conditions present in the subject premises. (See Park W. Mgt. Corp. v Mitchell, 47 NY2d 316 [1979]; Poyck v Bryant, 13 Misc 3d 699 [Civ Ct, NY County 2006].)
Since willful and malicious intent are not elements of retaliatory eviction and a warranty of habitability claim, defendants’ records allegedly indicating defendants’ state of mind are not relevant to this case. Further, to the extent plaintiffs claim retaliation, as noted by plaintiff Clarke in his affidavit, the couple who moved into their old apartment “continued to have these problems” (¶ 10). While plaintiff, in a cursory fashion, indicates that others in the building have “experienced leaks,” no affidavits from these tenants have been provided, but nonetheless six years worth of documentation for every apartment in the building is requested. (Philips H. Clarke III affidavit ¶ 12.) Moreover, while the landlords’ communications with other tenants may lend themselves to a general pattern of behavior *1106 towards tenants, the connection between this broad pattern and plaintiffs’ claim for punitive damages is rather attenuated.
Considering the failure of plaintiffs to adequately substantiate their need for such a broad request spanning seven years for every apartment in the building, the burdensome nature of plaintiffs’ discovery request, the apparent lack of relevance, and that plaintiffs have already been supplied such discovery for the “D” line of apartments, plaintiffs’ broad request for documents relating to all communications between defendants and tenants and/or owners of all of the units in the building, from 2002 to the present, is denied.
Disclosure of All Trial Documents
The balance of plaintiffs’ motion, seeking to compel defendants to produce “all documents that defendants intend to introduce or rely upon at trial,” concerns a novel issue. Plaintiffs fail to provide New York case law specifically on point, as required by this court in its order dated August 8, 2008.[2] Plaintiffs only cite to two federal cases, and one New York State case, which are factually dissimilar. The one New York case cited by plaintiffs refers to copies of statements to be introduced at trial (which is specifically required by CPLR 3101 [e]), and not to all documents intended to be produced at trial, which plaintiffs seek herein. (See Stipes v Works, 262 AD2d 300 [2d Dept 1999].) Neither of the federal cases cited by plaintiffs focused on the propriety of a discovery request for all documents to be introduced at trial.[3]
On the criminal side, there is a statute by which a court “may order discovery” of evidentiary material that the prosecution intends to “introduce at the trial, upon a showing by the defen *1107 dant that discovery with respect to such ... is material to the preparation of his defense, and that the request is reasonable.” (CPL 240.40 [1] [c].) As the Court of Appeals observed, such statute does not expressly compel pretrial discovery of evidentiary material that the prosecution intends to introduce and only after “the sound exercise of responsible discretion, the trial court may order early prosecutorial disclosure under certain defined circumstances.” (People v Colavito, 87 NY2d 423, 427 [1996].)
The fact that there is no comparable civil statute makes this court even more reluctant to order such production based on the facts presented. Further, the court notes that in 1993, the CPLR was amended to require continuing supplementation of all previously supplied discovery. (CPLR 3101 [h].) Certainly, the legislature could have required that each party produce all documents each intended to introduce at trial during discovery, instead of merely requiring supplementation of prior responses. As we operate in an adversarial system of justice, in which the legislature has not specifically mandated that all evidence, anticipated to be used at trial, be turned over to the opposing party, prior to trial, this court will not interpret the CPLR to so require. Just as there is no right to attorney work product (CPLR 3101 [c]), there is no right to the adversary’s trial strategy, which a blanket requirement, that all evidence expected to be introduced or relied upon be produced prior to trial, would expose.
Plaintiffs’ demand for all documents that defendants intend to introduce or rely upon at the trial of this case, which is contained in their notice dated December 3, 2007, fails to describe with “reasonable particularity” the documents they seek, as required. (CPLR 3120 [2].) CPLR 3120 (2) has been explained to mean “that the demander must tender a description of each item or category in a sufficiently accurate manner to enable the adverse party to identify it readily.” (Connors, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3120:4, at 224.) Similarly, it has been held that a plaintiffs demand for a defendant’s “entire litigation file” lacked “reasonable particularity.” (Thomas v Holzberg, 227 AD2d 175, 176 [1st Dept 1996].)
Further, it is noted that, presumably, during the course of ordinary discovery in response to appropriate demands, all of the parties, including defendants, will exchange the specific documents anticipated to be used at trial, or risk the issuance of *1108 an order of preclusion in the discretion of the trial judge, barring the use of documents not previously exchanged. (See Curbean v Kibel, 12 AD3d 206 [1st Dept 2004].)
Additionally, as correctly noted by plaintiffs, pursuant to CPLR 3101 (h), the parties are under a continuing obligation to amend and/or supplement their discovery responses and productions. (Dehaney v New York City Tr. Auth., 180 Misc 2d 695 [Civ Ct, Bronx County 1997].) Thus, any discovery sought which has not already been supplied by defendants shall be supplied in accordance with CPLR 3101 (h).
Based upon the above, the portion of plaintiffs’ motion which seeks to compel defendants to exchange all documents they intend to introduce or rely upon at the trial of this case is denied; such denial is without prejudice to plaintiffs seeking an order of preclusion from the trial judge, if appropriate, should defendants seek to introduce into evidence documents which were not previously exchanged, pursuant to appropriate discovery requests.
Accordingly, it is ordered that plaintiffs’ motion to compel is denied.

. The cases cited by plaintiffs involve employment discrimination (Heckles v Kingsbrook Jewish Med. Ctr., 36 AD3d 733 [2d Dept 2007]) and the sale of fuel oil (Twenty Four Hour Fuel Oil Corp. v Hunter Ambulance, 226 AD2d 175 [1st Dept 1996]).

. The court’s August 8, 2008 order provided: “With respect to item #32 of plaintiffs’ 12/3/07 demand, such request is too broad and speculative at this juncture; plaintiffs may file a motion for a response to such demand, with specific supporting case law, to be filed within 20 days or it is deemed waived.” Item No. 32 refers to “all documents that defendants intend to introduce or rely upon at the trial of this action.”

. See McKay v Triborough Bridge & Tunnel Auth., 2007 WL 3275918, 2007 US Dist LEXIS 81722 (SD NY 2007) (court quashed defendant’s subpoena seeking, inter alia, production of documents that plaintiffs may introduce as evidence because it was an improper way of engaging in discovery after the disclosure deadline had passed); Kulynch v Delta Mach., Inc., 2006 WL 2844229, 2006 US Dist LEXIS 73292 (ED NY 2006) (court modified its sanctions for failure to comply with discovery requests including, inter alia, a request to identify documents sought to be introduced at trial, where counsel argued that he complied with some of the requests and that the sanction imposed was a financial hardship).