■ LOUIS DIPACE, Plaintiff, v. HERTZ CORP., Defendant. MARY MCSHEFFREY, as Administratrix of the Estate of JOHN J. MCSHEFFREY, Deceased, Respondent, v. HERTZ CORPORATION, Appellant.— Judgment, so far as appealed

from, unanimously reversed, on the law and on the facts, and a new trial ordered, with $50 costs and disbursements to abide the event. The verdict in plaintiff's favor is against the weight of the credible evidence. The receipt in evidence of plaintiff's Exhibit 2, moreover, a photocopy of a mechanic's report submitted in support of plaintiff's claim that a defective door was the proximate cause of the death of her intestate, was erroneous and constitutes reversible error. No proper foundation was laid for the receipt of this exhibit identified as a "type" of record kept by the defendant-appellant. There was an absence of proof of the source of the exhibit as well as a failure to comply with the statute admitting in evidence copies of records made in the regular course of business (CPLR 4539; *Toho Bussan Kaisha, Ltd.* v. *American President Lines*, 265 F. 2d 418). Concur — Eager, J. P., Steuer, Capozzoli, Tilzer and Rabin, JJ.