■ GILBERT C. GIRAUD et al., Respondents, v NEW YORK BLOWER COMPANY, Appellant, et al., Defendant. (And a Third-Party Action.) — In an action to recover damages for personal injuries, etc., defendant the New York Blower Company appeals from stated portions of an order of the Supreme Court, Orange County (Green, J.), dated May 21, 1982, which, *inter alia,* denied its motion pursuant to CPLR 3126 to strike the complaint as to it. Order modified, on the law, by (1) adding a provision thereto directing plaintiffs to furnish the answers to all interrogatories to the best of their ability and (2) deleting therefrom the provision which denied unconditionally appellant's motion pursuant to CPLR 3126 and substituting therefor a provision denying appellant relief, on condition that plaintiffs comply with the provision that they furnish answers to the interrogatories. As so modified, order affirmed, insofar as appealed from, with costs to appellant. Plaintiffs' time to comply with the condition is extended until 20 days after service upon them of a copy of the order to be made hereon with notice of entry. Clearly Special Term did not abuse its discretion in declining to impose upon plaintiffs the drastic sanction of striking their complaint. Nonetheless, plaintiffs should have been directed to respond to all of the interrogatories in accordance with the prior order of another Justice of the Supreme Court, Orange County, who, in denying their motion for a protective order, had rejected the same contentions as are raised

in opposition to the instant motion as grounds for not responding to certain of the interrogatories. Plaintiffs' remedy in the face of a rejection of their arguments was to appeal from that prior order and not to seek to relitigate them before another Justice of co-ordinate jurisdiction. Since we do not reach the merits of plaintiffs' arguments, this decision is not to be construed in any way as sanctioning interrogatories of the nature and scope of those at bar. Lazer, J. P., O'Connor, Bracken and Brown, JJ., concur.