(March 20, 1986)

■ JULIA SCHOFFEL, Respondent, v RAMON S. VELEZ, Appellant.—Order of the Supreme Court, New York County (Helen E. Freedman, J.), entered July 20, 1984, which denied defendant-appellant's motion to strike the complaint for plaintiff-respondent's failure to comply with court-ordered discovery, but which precluded plaintiff from offering at trial documentary evidence not previously furnished defendant, unanimously modified, on the law, the facts and in the exercise of discretion, without costs, to preclude plaintiff from calling at trial any witness to the complained-of transactions whose name and address have not been heretofore disclosed, and except as modified, affirmed.

In this action, commenced in September 1980, plaintiff alleges that defendant, while the director and principal officer of the Hunts Point Multi-Service Program where plaintiff was employed, required plaintiff to make political contributions as a condition of maintaining her employment, and that these contributions were in fact used for defendant's personal purposes. Plaintiff also complains that to keep her job, she was required to work overtime without compensation. The suit was initiated as a class action but has since been limited by stipulation to plaintiff's allegations as an individual.

Defendant's motion to strike the complaint comes after

plaintiff has failed to comply with two of defendant's long-standing discovery requests dated September 20, 1982 and November 1, 1983, respectively. In these requests defendant seeks documents discoverable pursuant to CPLR 3120 and the location of individuals who, plaintiff maintains, witnessed the activities cited in her complaint. On December 1, 1983, plaintiff stipulated, *inter alia,* to produce the material sought by defendant within 90 days. The stipulation was so ordered by Special Term. Not until June 1984, however, did plaintiff attempt to comply with the stipulation's discovery provisions. Even then, her production was largely nonresponsive. Defendant then moved to strike the complaint, the denial of which motion gives rise to this appeal.

Imposition of sanctions for failure to comply with discovery demands lies within the court's discretion. *(Associated Mut. Ins. Co. v Dyland Tavern,* 105 AD2d 892; *Jones v White Metal Rolling & Stamping Corp.,* 86 AD2d 687, 688.) Striking a pleading is a drastic sanction which a court may decline to impose *(see, Giraud v New York Blower Co.,* 96 AD2d 828), even where there has been willful and contumacious behavior. *(Goldner v Lendor Structures,* 29 AD2d 978.)

We cannot say that Special Term abused its discretion in failing to impose the most drastic sanction at its disposal. We note that Special Term's order does preclude plaintiff from relying at trial on the documentary material unsuccessfully sought by defendant and thereby sets appropriate and effective limits on plaintiff's proof of her allegations. We observe, however, that defendant also seeks the addresses of witnesses identified by plaintiff during her examination before trial, and that plaintiff, despite her stipulation to do so, has inexplicably failed to supply those addresses.

Accordingly, we think it appropriate to enlarge the scope of Special Term's preclusion order to prevent plaintiff from calling any witness at trial to testify to the complained-of transactions whose identity and address have not been heretofore disclosed to defendant. Concur—Murphy, P. J., Carro, Milonas, Rosenberger and Ellerin, JJ.