■ MELBA THOMAS et al., Respondents, v ROMEO C. SOLON, Defendant, and NEW YORK EYE AND EAR INFIRMARY, Appellant.—Order of the Supreme Court, New York County (Martin B. Stecher, J.), entered October 7, 1985, which denied appellant New York Eye and Ear Infirmary's motion for summary judgment dismissing the complaint and cross claim against it, is unanimously reversed, on the law, and the motion granted and the complaint and cross claim dismissed as to appellant hospital, without costs.

On June 18, 1975, at appellant hospital, Dr. Romeo C. Solon, respondent Melba Thomas' private physician, performed an operation to remove polyps from respondent's right vocal cord. Dr. Solon was at the time a licensed physician, but was not then certified by the American Board of Otolaryngology. He

was then participating in a Board-approved residency program and later received a certificate in otolaryngology in 1977.

Respondent commenced an action against Dr. Solon and appellant hospital for injuries allegedly sustained to her right vocal cord as a result of the operation. She maintained that appellant had been careless in its employment and supervision of Dr. Solon. In opposition to appellant's motion for summary judgment dismissal of that claim, respondent argued that the hospital had been negligent in permitting Dr. Solon to perform the operation when it knew that he was not a Board-certified specialist in this field. Respondent also submitted an affidavit by Dr. Kaminstein, a psychiatrist, stating that appellant hospital had departed from accepted medical practice in permitting the uncertified doctor to operate without a certified doctor supervising or being available to assist. Special Term denied the motion, concluding that the "expert" witness's affidavit supported respondent's contention.

Under New York law, a licensed physician need not acquire board certification to practice in any specialized area of medicine. Consequently, lack of board certification does not establish a physician's incompetence to practice in a specialized area. Also, specialty boards lack the legal authority to restrict the specialty practices to only those physicians who have passed their examinations. As for hospitals, they may not discriminate against physicians who lack board certification. (10 NYCRR 405.1023 [e] [4].) Thus, there is no legal basis for imposing liability on the hospital.

Neither was an issue of triable fact raised by the affidavit of Dr. Kaminstein. Dr. Kaminstein, a psychiatrist, was neither affiliated with nor afforded any clinical privileges at any New York State hospital. His opinion, therefore, concerning the standards of accepted medical practice in otolaryngology, should be given little weight.

Because no adequate grounds were alleged to hold appellant hospital negligent in permitting Dr. Solon to perform this operation, appellant's motion for summary judgment dismissing the complaint and cross claim against it is granted. Concur—Kupferman, J. P., Sandler, Ross, Carro and Wallach, JJ.