■ In the Matter of LOVE CANAL ACTIONS.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: We modify paragraph (1) (b) of the first ordering clause of the discovery order of the supervising Justice to read as follows: "(b) reports of treating physicians and the identity of each person whom the plaintiff expects to call as an expert witness (including medical experts) at trial, together with a statement disclosing in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts

and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion."

CPLR 3101 (d) (1) (i) does not provide for the disclosure of expert reports as ordered by the Justice to whom the cases have been assigned for trial; instead, it provides for the disclosure in reasonable detail of the subject matter on which each expert is expected to testify and a summary of the grounds for each expert's opinion. Otherwise, the order of the Trial Justice is appropriate *(see,* Siegel, 1985 Supp Practice Commentaries, McKinney's Cons Laws of NY, Book 7B [1990 Supp Pamph], CPLR C3101:29, at 12). A trial court is vested with broad discretion in supervising disclosure *(Seneca Knitting Mills Corp. v Wilkes,* 120 AD2d 955; *Sarbro Realty Corp. v Kradjian,* 116 AD2d 866, 867). (Appeal from order of Supreme Court, Niagara County, Doyle, J.—discovery.) Present—Callahan, J. P., Doerr, Boomer, Green, and Davis, JJ. *[See,* 145 Misc 2d 1076.]