■ SCHAEFER ROSS FAIRCHILD CORPORATION, Appellant, v RUBEROID CORPORATION et al., Respondents.—Judgment unanimously affirmed with costs. Memorandum: Plaintiff appeals from a judgment entered upon a jury verdict of no cause of action in favor of defendants. Plaintiff sued for damages for breach of a guaranty agreement and for negligence and fraud in connection with a defective roofing system installed at plaintiff's warehouse. Defendant The Ruberoid Corporation (Ruberoid) manufactured and supplied roofing materials used in the construction of plaintiff's roof. At the roofer's request, Ruberoid sold a bond and flashing endorsement for the roof.

Prior to issuing the bond, a Ruberoid representative inspected the roof during construction and filed a report certifying that all Ruberoid requirements were met. Ruberoid then sold plaintiff a bond which obligated Ruberoid to make all roof repairs caused by normal wear and tear at its own expense and to maintain the roof in watertight condition for 20 years. The bond exempted Ruberoid from liability for any damage to the roof caused by building movement, improper installation, or defective material used in the roof base or insulation.

The roof began to leak shortly after it was installed. The roofer made initial repairs and Ruberoid made a few repairs thereafter, but Ruberoid refused to make further repairs on the ground that the cause of the leak was improper installation of insulation or building movement which, in either instance, was exempted from coverage under the bond. In its action, plaintiff alleged that Ruberoid failed to perform in compliance with the terms of the bond and flashing endorsement, falsely issued the bond and endorsement despite knowledge that the roofing and flashing were not installed in accordance with Ruberoid's specifications, falsely represented that there were no defects in the roofing system, and acted in bad faith in failing to disclose the true condition of the roof and in failing to honor its duty under the bond and flashing endorsement. Defendant GAF Corporation is the successor to Ruberoid and defendant The Pennsylvania Insurance Company is the surety on the bond.

Plaintiff's principal argument on appeal is that the court erroneously charged the jury on the law regarding breach of the implied covenant of good faith. Plaintiff did not object to the charge on that ground and has failed to preserve the issue for review (see, Up-Front Indus. v U.S. Indus., 63 NY2d 1004, 1006). The court properly refused to charge punitive damages with respect to plaintiff's causes of action for fraud and bad faith because the evidence did not establish that defendants' conduct was gross, wanton or willful (see, Borkowski v Borkowski, 39 NY2d 982, 983). Plaintiff's remaining contentions lack merit. (Appeal from Judgment of Supreme Court, Monroe County, Purple, Jr., J.—Breach of Contract.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.