■ JONI L. MAYER et al., Individually and as Parents and Natural Guardians of KALI A. MAYER, an Infant, Appellants, v OSWEGO COUNTY OB-GYN, P. C., et al., Respondents. [617 NYS2d 92] —Judgment unanimously affirmed without costs. Memorandum: Plaintiffs Joni L. and Sean M. Mayer, individually and on behalf of their infant daughter, Kali A. Mayer, appeal from a judgment based upon a jury verdict in favor of defendants, Oswego County Ob-Gyn, P. C., and Ronald V. Uva, M.D., dismissing their medical malpractice action. Plaintiffs contend that they were entitled to a directed verdict or to judgment notwithstanding the verdict. We disagree. A motion

to set aside a jury verdict "should not be granted unless the preponderance of the evidence in favor of the plaintiff is so great that the verdict could not have been reached upon any fair interpretation of the evidence" *(Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976, *lv denied* 68 NY2d 608). In our view, a factual issue was presented by the conflicting expert testimony, and we decline to disturb the jury's resolution of that issue *(see, Frasier v McIlduff,* 161 AD2d 856, 859).

The trial court's instruction on the standard of care was proper. The instruction correctly set forth the rule enunciated by the Court of Appeals in *Toth v Community Hosp.* (22 NY2d 255, 262; *see also,* PJI 2:150). Contrary to plaintiffs' argument, there is no rule setting up a third standard for board-certified specialists *(cf., Thomas v Solon,* 121 AD2d 165, 166).

Plaintiffs' request for an interested witness charge concerning two labor room nurses was properly denied. The nurses were not employed by defendants. Thus, PJI 1:92 was not applicable. In any event, the witnesses were called by plaintiffs, who had a full opportunity to explore their relationships with Dr. Uva and any potential bias they may have had *(see, Perrin v Winne,* 123 AD2d 610). (Appeal from Judgment of Supreme Court, Oswego County, Nicholson, J.—Medical Malpractice.) Present—Pine, J. P., Lawton, Fallon, Doerr and Davis, JJ.