■ SHEILA McCLAIN, Individually and as Parent and Guardian of IKEA S. EDWARDS, an Infant, Appellant, v LOCKPORT MEMORIAL HOSPITAL et al., Defendants, and WILLIAM C. STEIN, Respondent. (Appeal No. 1.) [653 NYS2d 774] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff, individually and as parent and guardian of her infant daughter, appeals from two judgments entered upon a jury verdict in favor of defendants, dismissing the complaint in this medical malpractice action. Plaintiff alleged that defendants negligently failed to diagnose the fact that her daughter was suffering from meningitis.

We reject plaintiff's argument that the testimony of the expert retained by Lockport Memorial Hospital (defendant) should have been precluded because defendant failed to provide sufficient details concerning the expert's qualifications. In response to plaintiff's demand, defendant disclosed that its expert was a physician, Board certified in pediatrics, with a certified specialty in pediatric infectious diseases, and was a Professor of Pediatrics in the State of New York (*see, Jasopersaud v Rho*, 169 AD2d 184, 188). Plaintiff failed to serve a demand for more information or to move to compel further discovery (*see,* CPLR 3101 [h]; 3124), did not move for preclusion until the end of trial and failed to establish good cause for the delay in seeking

disqualification (*see, Lyall v City of New York,* 228 AD2d 566, *lv denied* 88 NY2d 816).

By failing to move to preclude on the ground that defendant failed to disclose the substance of the facts and opinions to which the expert would testify, plaintiff failed to preserve for our review her present argument that the testimony of the expert should have been precluded on that ground. In any event, the disclosure was sufficient (*see, Krygier v Airweld, Inc.,* 176 AD2d 700).

Supreme Court did not abuse its discretion in precluding Dr. Noone from testifying as an expert witness. Plaintiff did not give notice of the intention to offer Dr. Noone's expert testimony until after jury selection, and failed to demonstrate good cause for the failure to give timely notice (*see, Kalkan v Nyack Hosp.,* 214 AD2d 538, 538-539, *lv denied* 86 NY2d 703). The court likewise acted within its discretion in excluding testimony of plaintiff's expert concerning his physical examination of plaintiff's daughter because plaintiff failed to serve upon defendants a report of the examination, as required by 22 NYCRR 202.17 (*see, Kelly v Tarnowski,* 213 AD2d 1054, 1055).

The impeachment of plaintiff's expert witness with evidence that he had testified in over 100 cases was proper. The testimony of plaintiff that she did not receive discharge instructions from defendant Dr. William C. Stein was properly impeached with her statement in a notice of claim that she had received such instructions (*see, Rodriguez v New York City Hous. Auth.,* 215 AD2d 362, 363).

The jury verdict in favor of defendants is not against the weight of the evidence. In a case such as this, involving the conflicting testimony of expert witnesses, it is within the province of the jury to determine which testimony is to be believed and great deference is accorded that determination (*see, Kambat v St. Francis Hosp.,* 226 AD2d 1063; *Mayer v Oswego County Ob-Gyn,* 207 AD2d 985, 986). We have examined plaintiff's remaining arguments and conclude that they are lacking in merit. (Appeal from Judgment of Supreme Court, Niagara County, Koshian, J.—Malpractice.) Present—Pine, J. P., Lawton, Fallon, Doerr and Balio, JJ.