■ JAMES R. SHOEMAKER et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 80362.) [668 NYS2d 859] —Judgment unanimously affirmed with costs. Memorandum: Claimants commenced this action to recover for injuries sustained by James R. Shoemaker (claimant) when he fell from a ladder at a construction site owned by defendant. The Court of Claims properly granted claimants' motion for partial summary judgment on liability pursuant to Labor Law § 240 (1) and denied that part of defendant's motion for summary judgment dismissing that cause of action. Claimants established defendant's violation of the statute by submitting proof in evidentiary form demonstrating that claimant fell from an elevated work surface and that he "was not furnished with one or more of the enumerated devices 'so constructed, placed and operated as to give proper protection'" (*Bennion v Goodyear Tire & Rubber Co.*, 229 AD2d 1003, quoting Labor Law § 240 [1]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501). Defendant failed to submit proof in evidentiary form raising a triable issue of fact (*see,* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562). Because defendant is liable for claimant's injuries pursuant to Labor Law § 240 (1), there is no need to address the contention of defendant that the court erred in denying that part of its motion seeking summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241 (6) (*see, Matter of General Bldg. Contrs. v Egan*, 106 AD2d 688, 690, *lv denied* 65 NY2d 601).

Defendant's contention that claimants should have been precluded from presenting evidence of lost earnings at the trial on damages because they failed to disclose claimant's tax returns, W-2 forms and a verified list of past employers is not preserved for our review (*see,* CPLR 5501 [a] [3]; *Marra v Hensonville Frozen Food Lockers*, 189 AD2d 1004, 1006). Defendant did not seek disclosure of those items or move to preclude evidence of lost earnings on that ground. The court properly denied defendant's motion to preclude the testimony of claimants' economic expert. Claimants' response to defendant's demand was sufficient to comply with CPLR 3101 (d) (1) (i) (*see generally, Jasopersaud v Tao Gyoun Rho*, 169 AD2d 184). The summaries of claimant's union records were properly received pursuant to CPLR 4518 (a) (*see, Sabatino v Turf House,* 76 AD2d 945; *see also, R & I Elecs. v Neuman*, 81 AD2d 832, *lv denied* 54 NY2d 605). The evidence is sufficient to support the court's determination of claimant's past and future lost earnings (*see, Johnston v Colvin*, 145 AD2d 846, 848-849). The court's finding that claimant is permanently partially disabled as the result of the accident is supported by the weight of the

evidence (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 499; *Colonno v Executive I Assocs.*, 228 AD2d 859), and the evidence is sufficient to establish a causal connection between the accident and claimant's thoracic outlet syndrome. (Appeal from Judgment of Court of Claims, Wagner, J.H.O.—Damages.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.