■ ANDREW ROGERS, as Administrator of the Estate of CATHERINE DAY, Deceased, et al., Plaintiffs, v SEARS, ROEBUCK AND Co. et al., Defendants. (And Other Actions.) GOVERNMENT EMPLOYEES INSURANCE COMPANY, as Subrogee of ANDREW ROGERS, Administrator of the Estate of CATHERINE DAY, Deceased, Respondent, v SEARS, ROEBUCK AND Co. et al., Defendants, and WORTHINGTON CYLINDERS CORP., Appellant. [670 NYS2d 71] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered on or about December 6, 1996, which deemed the nominal reargument motion of plaintiff subrogee Government Employees Insurance Company (GEICO) as one for renewal, granted renewal, and upon renewal, vacated so much of a prior order, same court and Justice, entered on or about September 5, 1996, as directed disclosure of GEICO's liability file and any expert reports generated therein, and instead directed disclosure only of plaintiff's first-party claim file and the expert report contained therein, unanimously affirmed, without costs.

We agree with the motion court that plaintiff subrogee GEICO met its burden of demonstrating that the requested investigation file of the potential claimant Russell Breer and the expert reports connected therewith are not discoverable

pursuant to CPLR 3101 (d) (2) (*see, Koump v Smith*, 25 NY2d 287, 294; *Roman Catholic Church of Good Shepherd v Tempco Sys.*, 202 AD2d 257; *Chemical Bank v National Union Fire Ins. Co.*, 70 AD2d 837, 838, citing *Kandel v Tocher*, 22 AD2d 513, 515-516). Moreover, upon our review of the record, we find that movant Worthington Cylinders has failed to show that nondisclosure of the requested information would result in some injustice or undue hardship (CPLR 3101 [d] [2]). Concur— Sullivan, J. P., Milonas, Williams, Andrias and Saxe, JJ.