■ GLENN R. BARROWMAN, Respondent, v NIAGARA MOHAWK POWER CORPORATION, Appellant. (Appeal No. 1.) [675 NYS2d 734] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff was injured when he lost his balance while standing on a diagonal brace and fell approximately 12 feet to a concrete floor, striking a scaffolding plank as he fell. On a prior appeal, we affirmed the order of Supreme Court granting plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) cause of action (*Barrowman v Niagara Mohawk Power Corp.*, 222 AD2d 1029). The present appeal by defendant is from a jury verdict awarding plaintiff damages in the sum of $4,295,000.

Defendant contends that the court should have granted its pretrial motion to preclude expert testimony by plaintiff's vocational rehabilitation counselor because plaintiff failed to provide a report of the counselor's findings, a copy of the records and documents relied upon by the counselor in rendering his opinion and a statement of the counselor's credentials. We disagree. A party is not obligated pursuant to CPLR 3101 (d) (1) (i) to disclose his expert's report; that subdivision "provides for the disclosure in reasonable detail of the subject matter on which [the] expert is expected to testify and a summary of the grounds for [the] expert's opinion" (*Matter of Love Canal Actions*, 161 AD2d 1169, 1170). The report itself constitutes material prepared for litigation and is not subject to disclosure unless the party seeking disclosure has a substantial need for the report and is unable without undue hardship to obtain its substantial equivalent by other means (*see,* CPLR 3101 [d] [2]; *Marziano v City of Yonkers*, 105 AD2d 832). Defendant did not establish that it had a substantial need for the expert's materials. Plaintiff set forth the basic educational background of the counselor, and defendant made no demand for additional discovery of the counselor's credentials. Thus, the sanction of preclusion was not warranted (*see, McClain v Lockport Mem. Hosp.*, 236 AD2d 864, *lv denied* 89 NY2d 817). Defendant did not seek preclusion on the ground that plaintiff failed to disclose the records and documents relied upon by the counselor and has therefore failed to preserve that contention for our review (*see, McClain v Lockport Mem. Hosp., supra,* at 865). In any event, plaintiff was obligated to disclose only "a summary of the grounds" for the expert's opinion (CPLR 3101 [d] [1] [i]),

and plaintiff's disclosure of those grounds was adequate (*see, Krygier v Airweld, Inc.*, 176 AD2d 700, 701).

We also reject the contention of defendant that the court should have granted its motion to preclude the expert testimony of plaintiff's economist. Although plaintiff disclosed his expert witnesses at the same time, defendant's pretrial motion sought to preclude only the testimony of the counselor. Defendant did not seek to preclude the testimony of the economist until immediately before the economist was called to testify and failed to establish good cause for its delay in seeking to preclude that testimony. The motion was untimely (*see, McClain v Lockport Mem. Hosp., supra*), and the court could have exercised its discretion to deny preclusion on that ground alone (*see, Lyall v City of New York*, 228 AD2d 566, 567-568, *lv denied* 88 NY2d 816). We reject defendant's contentions that preclusion was warranted because plaintiff failed to disclose the expert's report (*see, Matter of Love Canal Actions, supra*) and failed to set forth the basis for the economist's opinion (*see*, CPLR 3101 [d] [1] [i]; *Shoemaker v State of New York*, 247 AD2d 898; *Krygier v Airweld, Inc., supra*). Further, defendant did not preserve for our review its contention that plaintiff's disclosure of experts was untimely (*see, McClain v Lockport Mem. Hosp., supra*, at 865).

There is no merit to the contention that the court erred in granting plaintiff's motion for a directed verdict with respect to causation. The undisputed medical evidence established that the injuries sustained by plaintiff were causally related to his fall. Moreover, the court never informed the jury that it had granted a directed verdict on that issue and, in fact, instructed the jury several times that plaintiff was entitled to damages for those injuries that were caused by the accident. Thus, the court left the issue of causation to the jury.

The court did not abuse its discretion in precluding defendant from offering into evidence a surveillance videotape of plaintiff. Prior to trial, the court denied plaintiff's motion to preclude defendant from offering surveillance videotapes based upon the representation of defendant's counsel that he had disclosed to plaintiff all surveillance material that existed. Upon discovering during the trial that the representation of defendant's counsel was false and that at least 100 pages of investigative notes and an eight-millimeter surveillance tape of plaintiff had not been disclosed, the court properly granted plaintiff's renewed motion for preclusion (*see, Brady v County of Nassau*, 234 AD2d 408; *Schoffel v Velez*, 118 AD2d 492, 493).

The parties stipulated that plaintiff incurred medical expen-

ses of $46,286, of which $1,000 was disputed. The jury awarded $46,000 to plaintiff for medical expenses. Although the court properly instructed the jury with respect to the stipulated amount of medical expenses, defendant contends that the court erred in failing to instruct them regarding the separate expense incurred in treating each injury and to determine whether each injury was causally related to the accident. Because defendant failed to object to the jury charge on that ground, it failed to preserve that contention for our review (*see, Robillard v Robbins*, 78 NY2d 1105, 1106; *Donaldson v County of Erie*, 209 AD2d 947, 948; *Schaefer Ross Fairchild Corp. v Ruberoid Corp.*, 181 AD2d 1025, 1026). We reject defendant's contention that the award of $1,000,000 for future loss of earnings is not supported by the record.

Lastly, we conclude that the award of $3,000,000 for plaintiff's past and future pain and suffering does not deviate materially from what would be reasonable compensation (*see, Poole v Consolidated Rail Corp.*, 242 AD2d 966, *lv denied* 91 NY2d 908). As a result of the accident, plaintiff suffered herniated discs and a ruptured disc in his back that required two corrective surgical procedures: an anterior cervical discectomy and spinal fusion with the insertion of a bone graft strut; and a lumbar discectomy and bilateral posterolateral fusion with bone graft. Plaintiff testified regarding the severe "stabbing" pain he suffered during the four years before trial, including the "crushing" pain he experienced during a discogram diagnostic procedure. Medical evidence established that plaintiff's neck and back will continue to worsen over time and that additional fusion surgery will be required in both areas within the next five years; plaintiff will continue to experience pain in both areas for the rest of his life; and plaintiff is restricted to lifting no more than 20 pounds and will never be able to return to gainful employment. (Appeal from Judgment of Supreme Court, Erie County, Cosgrove, J.—Damages.) Present—Denman, P. J., Green, Pigott, Jr., Balio and Boehm, JJ.