■ EDNA LOCKHART, Appellant, v HEMPSTEAD GENERAL HOSPITAL, Respondent. [711 NYS2d 759] —In an action to recover damages for the mishandling of a corpse, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Winslow, J.), entered June 11, 1999, which, upon an order of the same court entered May 5, 1999, granting the defendant's motion for summary judgment, dismissed the complaint. The plaintiff's notice of appeal from the order is deemed to be a notice of appeal from the judgment (*see,* CPLR 5512 [a]).

Ordered that the judgment is reversed, on the law, with costs, the order is vacated, and the motion is denied.

The Supreme Court erred in granting the defendant's motion for summary judgment. The defendant did not establish its entitlement to judgment as a matter of law, as it failed to offer "strong and satisfactory" proof that the deceased's first wife was still alive at the time of his marriage to the plaintiff (*Matter of Brown,* 40 NY2d 938, 939; *see, Matter of Seidel v Crown Indus.,* 132 AD2d 729; *see, Matter of Meltzer v McAnns Bar & Grill,* 85 AD2d 826). Thus, questions of fact exist as to whether the plaintiff was the deceased's next of kin.

The defendant's remaining arguments are without merit. O'Brien, J. P., Altman, Friedmann, McGinity and Smith, JJ., concur.

■ MARGARET MCARTHUR, Respondent, v WAL-MART STORES, INC., Appellant, et al., Defendant. [711 NYS2d 760] —In an action, *inter alia,* to recover damages for malicious prosecution, the defendant Wal-Mart Stores, Inc., appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated May 17, 1999, which, upon a jury verdict, is in favor of the plaintiff and against it in the total sum of $52,617.97.

Ordered that the judgment is affirmed, with costs.

No proper foundation was laid for admission of a copy of the videotape in lieu of the missing original (*see, Dipace v Hertz Corp.,* 30 AD2d 515).

The appellant's remaining contentions are without merit. Ritter, J. P., Joy, Goldstein and H. Miller, JJ., concur.