■ DONALD E. DEMARCO, as Administrator of the Estate of ROSE MOON, Deceased, Appellant, v ASHOK PATEL, M.D., et al., Respondents, et al., Defendants. [738 NYS2d 918] —Appeal from an order of Supreme Court, Oneida County (Tenney, J.), entered April 4, 2001, which granted the motions of defendants Ashok Patel, M.D., Bryan Gaffney, M.D., Andrew T. Ho, M.D., Central New York Cardiology, P.C., and St. Elizabeth Hospital for summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs for reasons stated in decision at Supreme Court, Tenney, J. Present—Wisner, J.P., Scudder, Kehoe, Burns and Gorski, JJ.

■ MAGDALEN RICHARDS et al., Respondents, v DAVID HERRICK et al., Appellants. [738 NYS2d 470] —Appeal from an order of Supreme Court, Ontario County (Harvey, J.), entered April 4, 2001, which denied defendants' motion seeking to compel further expert disclosure from plaintiffs.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the motion is granted.

Memorandum: Supreme Court erred in denying defendants' motion seeking to compel further expert disclosure from plaintiffs. Plaintiffs responded to defendants' demand for expert disclosure by advising defendants that they intended to call a meteorologist, whom they identified, who would testify regarding the weather conditions at "the time and location of the accident." That response fails to reveal "the substance of the facts and opinions on which [the] expert is expected to testify" (CPLR 3101 [d] [1] [i]). Although plaintiffs are not required to disclose the expert's report, they are "obligated to disclose * * * 'a summary of the grounds' for the expert's opinion" (*Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 946, lv denied 92 NY2d 817; see, CPLR 3101 [d] [1] [i]; *Matter of Love Canal Actions*, 161 AD2d 1169, 1170). Plaintiffs' response was " 'so general and nonspecific that [defendants have] not been enlightened to any appreciable degree about the content of this expert's anticipated testimony' " (*Chapman v State of New York*, 189 AD2d 1075; see, *Syracuse v Diao*, 272 AD2d 881, 882). Present—Wisner, J.P., Scudder, Kehoe, Burns and Gorski, JJ.