■ JOHN N. ZEGARELLI et al., Respondents, v GREGORY D. HUGHES, Appellant. [756 NYS2d 674] —Appeal from a judgment of Supreme Court, Oneida County (Parker, J.), entered December 3, 2001, upon a jury verdict in favor of plaintiffs.

It is hereby ordered that the judgment so appealed from be and the same hereby is affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by John N. Zegarelli (plaintiff) when the vehicle that he was driving was forced into a snowbank by a vehicle driven by defendant. Defendant appeals from a judgment entered upon a jury verdict in favor of plaintiffs in the total amount of $131,919.44. Defendant contends that Supreme Court abused its discretion in granting plaintiffs' motion to preclude defendant from presenting in evidence a surveillance videotape of plaintiff allegedly shoveling snow after the accident. We reject that contention. Prior to trial plaintiffs requested full disclosure of any and all existing

videotapes pursuant to CPLR 3101 (i), and defendant provided plaintiffs with a copy of a surveillance videotape that contained two breaks in motion. Plaintiffs sought preclusion upon discovering during trial that the original eight-millimeter surveillance tape of plaintiff had not been disclosed, and the court properly granted plaintiffs' motion (*see Brady v County of Nassau*, 234 AD2d 408 [1996]; *Schoffel v Velez*, 118 AD2d 492, 493 [1986]; *cf. Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946 [1998], *lv denied* 92 NY2d 817 [1998]). In any event, even assuming, arguendo, that the court erred in granting plaintiffs' motion, we conclude that the error is harmless. Plaintiff testified at trial that he had tried to shovel snow following the accident, and several physicians testified that plaintiff's range of motion following the accident varied on a daily basis.

All concur except Kehoe, J., who dissents and votes to reverse in accordance with the following memorandum.

Kehoe, J. (dissenting). I respectfully dissent. In my view, there is no support in the record for Supreme Court's conclusion that there was a failure by defendant either to disclose the videotape evidence or to authenticate the videotape properly for admission in evidence. I thus conclude that the court erred in granting plaintiffs' motion to preclude defendant from presenting the videotape in evidence.

Defendant's investigator made a surveillance videotape of John N. Zegarelli (plaintiff) "quickly and vigorously" shoveling snow between the time of his motor vehicle accident and trial. The videotape was made using an eight-millimeter camcorder with a date-and-time marking feature. Thereafter, the original eight-millimeter videotape was electronically copied onto at least two standard VHS cassettes. One was turned over to plaintiffs before trial pursuant to their discovery request, with explicit reference to the fact that it was "a copy of a videotape." Defendant sought to play the second VHS cassette for the jury on his direct case in an effort to prove that plaintiff's injuries and limitations were not as severe as testified to by plaintiff, his wife, and his doctors.

CPLR 3101 (i) requires "full disclosure of any films, photographs, video tapes or audio tapes, including transcripts or memoranda * * *. There shall be disclosure of all portions of such material, including out-takes, rather than only those portions a party intends to use." The making and provision of an electronic copy of the videotape cannot be deemed to have violated defendant's disclosure obligations (*see Hawkins v Lucier*, 255 AD2d 553 [1998] [framing issue as whether litigant

complied with obligation to furnish opponent with "copies of the videotapes" prior to the plaintiff's further deposition]; *see also Matter of De Marco v Millbrook Equestrian Ctr.,* 287 AD2d 916, 917 [2001]; *Simon v Krueger Intl.,* 169 Misc 2d 331, 335 [1996]; *Hicklen v Broadway W. St. Assoc.,* 166 Misc 2d 12, 13-14 [1995]). Nor, contrary to the contention of plaintiffs, can defendant's disclosure obligations be deemed to have been violated merely because the copy provided to plaintiffs was made on a different format of tape. Thus, the disclosure issue turns on whether the contents of the VHS cassette provided to plaintiffs were the same as the contents of the original eight-millimeter tape made by the investigator.

The uncontroverted testimony of the investigator was that the contents of the eight-millimeter tape had been transferred onto the VHS cassette, and that there had been no editing of such contents—and particularly no out-takes—at any point between videotaping and trial. Such testimony was not refuted or negated by the speculation of plaintiffs' attorney that there might have been something on the original eight-millimeter tape that was not included on the VHS cassette turned over to plaintiffs. The record thus establishes that there was full disclosure by defendant of the videotape in question, and no basis for its preclusion pursuant to CPLR 3126. *Barrowman v Niagara Mohawk Power Corp.* (252 AD2d 946 [1998], *lv denied* 92 NY2d 817 [1998]), the most significant case relied on by the majority, is distinguishable. *Barrowman* did not involve disclosure of an electronic copy as opposed to an original videotape, but rather involved the defendant's failure, despite a court mandate and the defendant's own repeated representations to the contrary, to disclose any information (taped or written) about a particular instance of surveillance as well as some 100 pages of investigative notes pertaining to those surveillance videotapes that defendant had disclosed.

Contrary to the contention of plaintiffs, the record does not establish any failure by defendant to disclose the investigator's memorandum or "investigative report." Insofar as the disclosure issue was concerned, the sole reference at trial to the "investigative report" was the express acknowledgment of plaintiffs' counsel that he had "been provided with a copy of a video as well as an investigative report allegedly done by" defendant's investigator. The contention that plaintiffs were denied pretrial discovery of the investigative report is raised for the first time on appeal and thus understandably played no part in the court's preclusion of the videotape.

I discern no basis in the record for the court's conclusion that

the videotape was not properly authenticated by defendant. Introduction of an electronically produced copy is permissible, provided that an adequate foundation is laid for admission of that copy (*see* CPLR 4539; *McArthur v Wal-Mart Stores,* 274 AD2d 378 [2000]). The investigator, a witness to the recorded events, testified unequivocally and without contradiction that the video made by him fairly and accurately depicted the activities of plaintiff at the time and place in question. The investigator indicated that there had been no editing of or out-takes from the video from the time it was made until it was presented in court. He further testified that any breaks in the videotape reflected intervals during which he had stopped videotaping. That testimony established an adequate foundation for admission of the videotape in evidence. Again, such testimony was not refuted or negated by the speculation of plaintiffs' attorney to the effect that there might have been something on the original eight-millimeter tape that was not included on the VHS cassette that defendant sought to play in court. There was no basis for the court's conclusion, based on "gaps" in the videotape or perceived discrepancies between the contents of the videotape and those of the investigative report, that there had been "an attempt by the person taking the film to only provide excerpts of the tape to the Court." Nor is there a rule of evidence requiring that the surveillance video, in order to be admissible, must conform in any particular respect to the accompanying investigative report. Any discrepancies between the videotape and the investigative report properly went to the weight to be given to the video evidence, not the admissibility of the videotape (*Tran v New Rochelle Hosp. Med. Ctr.,* 99 NY2d 383 [2003], citing *DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 197 [1992]) for the proposition that the purpose of pretrial disclosure of videotapes is to enable plaintiffs to "respond to possible distortions or prepare to explain seeming inconsistencies to the jury."

Irrespective of the court's error in applying discovery principles or rules governing the admissibility of real evidence, I would conclude that the door was opened to introduction of the videotape by testimony concerning plaintiff's limited attempts at shoveling snow. The videotape was admissible to refute the testimony that, because of his injuries, plaintiff could manage only "two or three swipes" of his snow shovel on the occasion in question. In this connection, I additionally conclude that the erroneous preclusion of the surveillance videotape cannot be deemed harmless, given plaintiff's apparent comportment at trial as one who could barely move and the testimony of plaintiff and other witnesses that the accident had totally

disabled plaintiff from his work as a restaurateur and from other activities involving bending and lifting. Further, the prejudicial effect of the court's evidentiary error was exacerbated when, in the wake of the court's ruling, plaintiffs' counsel argued on summation: "There's no evidence here showing [plaintiff] doing all these activities that [defendant] sa[id] [plaintiff] did. Where's this phantom video? It's not here, is it? What did that tell you?" The court compounded its evidentiary error when it overruled defendant's objection to and motion to strike that unfair comment.

In light of the foregoing, I would reverse the judgment for plaintiffs and grant a new trial on liability and damages. Present—Pigott, Jr., P.J., Pine, Wisner, Kehoe and Gorski, JJ.