■ CINDY LEE WILSON et al., Appellants, v MARY IMOGENE BASSETT HOSPITAL, Doing Business as BASSETT HEALTHCARE, et al., Respondents. (Appeal No. 1.) [762 NYS2d 556] —Appeal from a judgment of Supreme Court, Oneida County (Grow, J.), entered March 13, 2002, which dismissed the complaint upon a jury verdict of no cause for action.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs appeal from a judgment dismissing their complaint for medical malpractice on the basis of a jury verdict of no cause for action. The complaint alleged that, in reading the mammogram of Cindy Lee Wilson (plaintiff), defendant Marvin W. Kushnet, M.D., a board-certified radiologist, negligently failed to diagnose breast cancer.

Contrary to plaintiffs' contention, Supreme Court's instruction on the standard of care was proper and, in particular, "correctly set forth the rule enunciated by the Court of Appeals in *Toth v Community Hosp.* (22 NY2d 255, 262 [1968]; *see also,* PJI 2:150)" with respect to the appropriate community standard of care for a physician (*Mayer v Oswego County Ob-Gyn,* 207 AD2d 985, 986 [1994]; *see generally Nestorowich v Ricotta,* 97 NY2d 393, 398 [2002]; *Pike v Honsinger,* 155 NY 201, 209 [1898]). The court also properly denied plaintiffs' motion to set aside the verdict as against the weight of the evidence (*see* CPLR 4404 [a]). Such relief should not be granted unless the preponderance of the evidence in favor of the plaintiffs is so great that the verdict could not have been reached upon any fair interpretation of the evidence (*see Kuncio v Millard Fillmore Hosp.,* 117 AD2d 975, 976 [1986], *lv denied* 68 NY2d 608 [1986]; *see also Lolik v Big V Supermarkets,* 86 NY2d 744, 745-746 [1995]). The conflicting expert testimony presented issues of fact and credibility, and we decline to disturb the jury's resolution of those issues (*see Radish v DeGraff Mem. Hosp.,* 291

AD2d 873, 874 [2002]; *Gallmeyer v Sullivan,* 245 AD2d 1024 [1997]; *McClain v Lockport Mem. Hosp.,* 236 AD2d 864, 865 [1997], *lv denied* 89 NY2d 817 [1997]; *Mayer,* 207 AD2d at 986). The verdict is one that reasonable jurors could have rendered on the basis of the conflicting expert testimony (*see Petrovski v Fornes,* 125 AD2d 972 [1986], *lv denied* 69 NY2d 608 [1987]; *Kuncio,* 117 AD2d at 976). Present—Hurlbutt, J.P., Scudder, Kehoe, Burns and Gorski, JJ.