Bailey v Owens (2004 NY Slip Op 50316(U))

[*1]

Bailey v Owens

2004 NY Slip Op 50316(U)

Decided on April 12, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 12, 2004

Supreme Court, New York County
 DAPHNE BAILEY, Plaintiff,
against
PAUL OWENS, M.D., and MANHATTAN EYE, EAR & THROAT HOSPITAL, Defendants.
Index No. 125402/02

JOAN B. CAREY, J.

Introduction
Motion by the plaintiff for a protective order pursuant to CPLR 3103 precluding disclosure to defendants of certain medical reports.
Facts & Procedural Posture On November 25, 2002, the plaintiff commenced the instant action against the defendants to recover damages for medical malpractice and lack of informed consent. The facts giving rise to this action stem from ophthalmological treatment rendered by defendant Paul Owens, M.D., an attending physician at defendant Manhattan Eye, Ear & Throat Hospital, to the plaintiff.
By a letter, dated July 14, 2003, defense counsel requested, among other things, that plaintiff's counsel turn over a redacted copy of the treatment records generated by an ophthalmologist, retained by the plaintiff as an expert in this matter, as a result of that physician's treatment of the plaintiff. Plaintiff's counsel subsequently refused to disclose such records on the ground that they were "work product" created by a non-treating expert witness retained by the plaintiff for the sole purpose of offering opinion testimony at trial. By a "so ordered" stipulation, dated February 5, 2004, the plaintiff agreed to provide the defendants with certain medical records. The plaintiff reserved the right to seek a protective order to preclude disclosure of reports generated by her expert.
The plaintiff moves for a protective order pursuant to CPLR 3103 precluding disclosure of reports generated by her expert. The plaintiff maintains that these reports are shielded from disclosure by CPLR 3101(d)(1)(i) because the reports were prepared by her expert following an examination of the plaintiff that was performed for the sole purpose of ascertaining whether the defendants committed medical malpractice.
The defendants counter that the plaintiff's expert witness provided medical treatment to the plaintiff during the examination the physician performed, and, concomitantly, any physical examination report or written medical findings are discoverable pursuant to 22 NYCRR § 202.17.
Analysis
The party seeking to preclude discovery by means of an order of protection bears the [*2]burden of establishing that the subject material is not discoverable (see Vivitorian Corp. v First Cent. Ins. Co., 203 AD2d 452 [2d Dept. 1994]; Mavrikis v Brooklyn Union Gas Co., 196 AD2d 689 [1st Dept. 1993]; see also Salzer ex rel. Salzer v Farm Family Life Ins. Co., 280 AD2d 844 [3d Dept. 2001]; Bigman v Dime Sav. Bank of New York, FSB, 153 AD2d 912 [2d Dept. 1989]).
"A party is not obligated pursuant to CPLR 3101(d)(1)(i) to disclose h[er] expert's report; that subdivision 'provides for the disclosure in reasonable detail of the subject matter on which [the] expert is expected to testify and a summary of the grounds for [the] expert's opinion' (Matter of Love Canal Actions, 161 AD2d 1169, 1170). The report itself constitutes material prepared for litigation and is not subject to disclosure unless the party seeking disclosure has a substantial need for the report and is unable without undue hardship to obtain its substantial equivalent by other means (see CPLR 3101[d][2]; Marziano v City of Yonkers, 105 AD2d 832)" (Barrowman v Niagara Mohawk Power Corp., 252 AD2d 946, 946 [4th Dept. 1998]; see Stipes v Stanley Works, 262 AD2d 300 [2d Dept. 1999]; Rogers v Sears, Roebuck and Co., 248 AD2d 156 [1st Dept. 1998]; Dorato v Schilp, 130 AD2d 348 [3d Dept. 1987]).
While CPLR 3101 governs the disclosure of reports generated by expert witnesses, CPLR 3121(b) ("Physical or mental examination; Copy of report") and 22 NYCRR § 202.17 ("Exchange of Medical Reports in Personal Injury and Wrongful Death Actions") oversee the exchange of medical reports generated by treating and examining physicians (see McGee v Family Care Services, 246 AD2d 308 [1st Dept. 1998]; Putchlawski v Diaz, 192 AD2d 444 [1st Dept. 1993]; see also Hunt v Ryzman, 292 AD2d 345 [2d Dept. 2000]). § 202.17 requires that the plaintiff, in advance of the defendant's physical/mental examination of the plaintiff, serve on all parties copies of the reports of physicians who previously treated or examined the plaintiff (22 NYCRR § 202.17[b]; see Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3121:8; see also Rodriguez v Pontillo, 278 AD2d 400 [2d Dept. 2000]). A plaintiff's failure to comply with the strictures of § 202.17 may lead to the preclusion of, among other things, testimony regarding injuries or conditions not put in issue in an exchanged medical report, and the testimony of treating or examining physicians whose medical reports have not been served pursuant to the rule (22 NYCRR § 202.17[h]; see e.g. Davidson v Steer/Peanut Gallery, 277 AD2d 965 [4th Dept. 2000]; Reed v Episcopal Health Services, Inc. ex rel. St. John's Episcopal Hosp., South Shore Div., 269 AD2d 514 [2d Dept. 2000]; Ciriello v Virgues, 156 AD2d 417 [2d Dept. 1989]; cf. Ryan v City of New York, 269 AD2d 170 [1st Dept. 2000]).
In the case at bar, the plaintiff failed to establish entitlement to an order of protection with respect to one of the reports generated by her expert. The plaintiff asserts that the ophthalmologist was simply an expert retained to determine whether the defendants committed medical malpractice in the course of their treatment of the plaintiff. However, an excerpt from the plaintiff's deposition testimony indicates that this ophthalmologist not only conducted an examination of the plaintiff's eyes, but also prescribed prism lens for the plaintiff to use. This testimony is confirmed by a January 15, 2003 report submitted by this ophthalmologist to plaintiff's counsel and a prescription written by this ophthalmologist for the plaintiff, both reviewed in camera. Thus, by providing the plaintiff with affirmative medical care as opposed to simply inspecting her eyes for the purpose of forming an expert opinion, this ophthalmologist assumed the dual role of expert witness and subsequent treating physician. Resultantly, the [*3]report exchange requirements of § 202.17 are applicable to the January 15, 2003 report generated by the ophthalmologist,[FN1] and the plaintiff is required to disclose the report and the prescription form (see Rodriguez v Pontillo, supra; Zimmerman v Nassau Hosp., 76 AD2d 921 [2d Dept. 1980]; see also Hoenig v Westphal, 52 NY2d 605 [1981]).
Conclusion
Based upon the foregoing, it is hereby
ORDERED that the plaintiff's motion is granted insofar as it relates to the August 8, 2002 report prepared by her ophthalmologist, and the motion is otherwise denied; and it is further,
ORDERED that the plaintiff is directed to disclose to the defendants the January 15, 2003 report and related prescription form, with the name and address of the ophthalmologist redacted, within 30 days of service upon her counsel of a copy of this order with notice of entry; and it is further,
ORDERED that counsel for the parties are to appear before the court at 9:30 am on May 14, 2004 at the New York County Courthouse, 111 Centre Street, Room 572, Part 40D, for a compliance conference.
Date: 04/12/2004 Hon. Joan B. Carey, Acting JSC
Papers considered:
(1) Notice of motion, affirmation in support and accompanying exhibits A-F
(2) Affirmation in opposition and accompanying exhibits A-B
(3) Reply affirmation, and documents submitted for in camera inspection (report dated August 8, 2002, report dated January 15, 2003, and prescription form).
Decision Date: April 12, 2004
Footnotes

Footnote 1:Another report by this ophthalmologist, dated August 8, 2002, was also reviewed in camera. This report is not subject to the exchange requirements of § 202.17 because it was generated by the physician following a review of the plaintiff's case prior to the physical examination (i.e. at the time the ophthalmologist was functioning solely as an expert).