■ MARY AMODIO et al., Appellants, v DELORES BIANCO et al., Respondents. [788 NYS2d 906]—Appeal from an order of the

Supreme Court, Oneida County (John G. Ringrose, A.J.), entered November 5, 2003. The order denied plaintiffs' motion to preclude the testimony of Dr. Richard M. Harding and/or, in the alternative, to conduct a *Frye* hearing with respect to his testimony.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: In this action to recover for personal injuries sustained by plaintiff Mary Amodio in a motor vehicle accident, we conclude that Supreme Court did not err in denying plaintiffs' motion to preclude the testimony of Dr. Richard M. Harding, defendants' proposed expert witness. The court properly determined that defendants' expert disclosure is sufficient and in compliance with the requirements of CPLR 3101 (d) (1) (i) (*see White v County of Erie* [appeal No. 2], 309 AD2d 1299, 1302 [2003]; *Castellani v Bagdasarian*, 286 AD2d 870, 871 [2001]; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 946-947 [1998], *lv denied* 92 NY2d 817 [1998]). The court further properly concluded that where, as here, the expert's testimony does not involve novel scientific evidence, no *Frye* hearing is necessary (*see People v Middlebrooks*, 300 AD2d 1142, 1143 [2002], *lv denied* 99 NY2d 630 [2003]). Present— Pine, J.P., Scudder, Kehoe, Smith and Lawton, JJ.