■ CASSANDRA VOGT, Respondent, v PARADISE ALLEY et al., Defendants, and MICHAEL MANN, Appellant. (Appeal No. 1.) [815 NYS2d 878]—Appeal from an amended order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered July 27, 2005 in a personal injury action. The amended order denied the motion of defendant Michael Mann to set aside the jury verdict and for a new trial.

Appeal from a judgment of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered August 2, 2005 in a personal injury action. The judgment, upon a jury verdict in favor of plaintiff and against defendant Michael Mann, awarded plaintiff the amount of $315,807.11.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when a beer bottle thrown by Michael Mann (defendant) struck her face. Plaintiff's motion for partial summary judgment on liability against defendant was granted and, following a trial on damages, the jury awarded plaintiff, inter alia, $75,000 for past pain and suffering and $160,000 for future pain and suffering, for a 50-year period.

Contrary to defendant's contention, the award of damages for past pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *see generally Yondt v Boulevard Mall Co.*, 306 AD2d 884, 885 [2003]; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 948 [1998], *lv denied* 92 NY2d 817 [1998]). The evidence at trial established that plaintiff, who was 25 years old at the time of the incident, sustained four lacerations on her forehead, ranging in length from one centimeter to 10 centimeters. Extensive stitching was required for the lacerations and, almost two years after the incident, additional pieces of brown glass were surgically removed from the area of the original lacerations. Plaintiff also suffered from postconcussive syndrome, including headaches and memory impairment, for a period of time after the incident, and several witnesses testified that plaintiff is sensitive about her appearance as a result of the scarring on her face. In addition, plaintiff sustained an abscessed tooth and underwent a root canal procedure and a crown placement as a result of this incident.

Also contrary to defendant's contention, the award of damages for future pain and suffering does not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *see generally Barrowman*, 252 AD2d at 948). Plaintiff, who by the time of the verdict was 28 years old, was left with three facial scars, including a vertical 10-centimeter scar through her right eyebrow. A plastic surgeon testified that there is numbness and muscle damage in the area of plaintiff's right eyebrow and that plaintiff may need a brow lift in the future so that her eyebrows continue to appear symmetrical. In addition, plaintiff presented evidence that she may require a root canal procedure and a crown replacement every 5 to 10 years. Present—Pigott, Jr., P.J., Kehoe, Gorski, Green and Pine, JJ.