# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**279**

**CA 16-00118**

PRESENT: PERADOTTO, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN,

---

LYNN LIKOS, AS ADMINISTRATRIX OF THE ESTATE OF
TYLER A. LIKOS, DECEASED, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

NIAGARA FRONTIER TRANSIT METRO SYSTEM, INC.,
DEFENDANT-RESPONDENT.

---

PAUL WILLIAM BELTZ, P.C., BUFFALO (STEPHEN R. FOLEY OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

DAVID J. STATE, GENERAL COUNSEL, BUFFALO (VICKY-MARIE J. BRUNETTE OF
COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), entered October 30. 2015. The judgment dismissed the complaint upon a jury verdict of no cause of action.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking to recover damages on behalf of decedent, who was killed when the motorcycle he was operating collided with a bus owned by defendant. Prior to trial, defendant disclosed an expert toxicologist who proposed to testify at trial that decedent was intoxicated on marihuana at the time of the accident; that such intoxication presented an "unreasonable scenario" to the bus driver; and that the marihuana in decedent's system impaired his reaction time and ability to control his motorcycle and avoid the collision. In response, plaintiff sought an order precluding the testimony of defendant's toxicologist on the grounds that his proposed testimony was mere speculation and lacked foundation, and that it would invade the province of the jury. Plaintiff also argued that the studies relied upon by the expert were irrelevant and hearsay, and a *Frye* hearing should be held if Supreme Court allowed the expert to testify. The court denied plaintiff's motion to preclude the expert's testimony, but determined that defendant's expert "[would] not be permitted to testify as to the decedent's 'poor judgment, lack of planning in advance, or impaired response (in connection with decedent's alleged failure to timely engage the motorcycle brakes)'; or upon matters outside his area of expertise." After trial, the jury returned a verdict in favor of defendant. Plaintiff appeals, and we affirm.

It is well established that "[t]he determination whether to permit expert testimony 'is a mixed question of law and fact addressed primarily to the discretion of the trial court' " (*Kettles v City of Rochester*, 21 AD3d 1424, 1426). Initially, we conclude under the circumstances of this case that plaintiff failed to establish her entitlement to a *Frye* hearing. She submitted the affirmation of counsel, who took issue with the scientific studies relied upon by defendant's expert and concluded with no expert support that those opinions lacked foundation and were speculative. Because counsel did not establish the basis of the opinions he offered in challenging defendant's expert, he failed to make "a credible challenge to the underpinning of the expert theory" and his affirmation therefore is of no probative value (*Frye v Montefiore Med. Ctr.*, 100 AD3d 28, 38). In any event, we note that counsel's affirmation did not expressly challenge the proposed opinions of the defense expert as being based on novel science, and counsel instead argued that the expert's opinions lacked foundation, were speculative, and invaded the province of the jury. We thus conclude that a *Frye* hearing was not warranted here, inasmuch as plaintiff failed even to contend that the theory espoused by defendant's expert was based on novel scientific principles (*see Johnson v Guthrie Med. Group, P.C.*, 125 AD3d 1445, 1447; *Page v Marusich*, 51 AD3d 1201, 1202-1203; *Amodio v Bianco*, 15 AD3d 979, 980).

We further conclude that the court did not abuse its discretion in refusing to preclude the testimony of defendant's expert toxicologist. " 'The *Frye* inquiry is separate and distinct from the admissibility question applied to all evidence—whether there is a proper foundation—to determine whether the accepted methods were appropriately employed in a particular case' " (*Muhammad v Fitzpatrick*, 91 AD3d 1353, 1354). On this point, plaintiff contends that "a study involving no more than twenty subjects is not an adequate foundation for [the expert's] opinion that [decedent] had smoked mari[h]uana 15 minutes before the subject accident." The fact that a particular study may be inadequate is relevant to the weight to be given to the testimony concerning the study, but it does not preclude its admissibility (*see Johnson*, 125 AD3d at 1447). Furthermore, this was not the only study or test addressed in the expert disclosure, and we therefore cannot conclude that the court abused its discretion in denying the preclusion motion based on, inter alia, an apparent lack of foundation for the opinion or relevancy to the issues of causation and decedent's negligence (*see id.; see also Tinao v City of New York*, 112 AD2d 363, 364, *lv denied* 67 NY2d 603).

To the extent that plaintiff contends that the verdict should be set aside as inconsistent, plaintiff failed to preserve that contention for our review inasmuch as plaintiff " 'failed to object to the verdict on that ground before the jury was discharged' " (*Krieger v McDonald's Rest. of N.Y., Inc.*, 79 AD3d 1827, 1828, *lv dismissed* 17 NY3d 734). Similarly, plaintiff failed to preserve for our review her contention that the verdict was against the weight of the evidence because there is no indication in the record that she made a posttrial motion to set aside the verdict pursuant to CPLR 4404 (a) (*see Mazella v Beals*, 124 AD3d 1328, 1329). In any event, the jury could have

reasonably found that the bus driver's negligence was not a proximate cause of the collision between the two vehicles upon determining that the bus driver could not have anticipated that decedent's motorcycle would travel toward him at 90 to 150 miles per hour and thereafter collide with the bus before it completed its turn.  Thus, " 'the preponderance of the evidence in favor of the plaintiff[] [was not] so great that the verdict could not have been reached upon any fair interpretation of the evidence' " (*Barnes v Dellapenta*, 111 AD3d 1287, 1288).

Finally, plaintiff's contentions that the expert disclosure of defendant's accident reconstructionist was inadequate and that his testimony materially deviated from his expert disclosure are unpreserved for our review inasmuch as plaintiff's pretrial motion did not challenge the expert's disclosure as inadequate and counsel, during trial, did not object to the expert's testimony on the ground that it deviated from his expert disclosure (*see Shoemaker v State of New York*, 247 AD2d 898, 898; *McClain v Lockport Mem. Hosp.*, 236 AD2d 864, 865, *lv denied* 89 NY2d 817).  In any event, we conclude that plaintiff's contentions lack merit.

Entered:  April 28, 2017                      Frances E. Cafarell
                                              Clerk of the Court