■ GRANZYNA KRYGIER, Individually and as Administratrix of the Estate of HENRYK KRYGIER, Deceased, Respondent, v AIRWELD, INC., Respondent, UNION CARBIDE CORPORATION, Appellant, et al., Defendants.—In an action to recover damages for personal injuries and wrongful death, etc., the defendant Union Carbide Corporation appeals from (1) so much of an order of the Supreme Court, Kings County (Rader, J.H.O.), dated July 3, 1990, as granted the motions of the plaintiff and the defendant Airweld, Inc., for a protective order and denied its cross motion to compel the plaintiff and Airweld, Inc., to particularize its expert witness disclosure statements, and (2) an order of the same court (G. Aronin, J.), dated January 9, 1991, which denied its motion to vacate the order dated July 3, 1990.

Ordered that the appeal from the order dated July 3, 1990, is dismissed *(see,* CPLR 3104 [d]); and it is further,

Ordered that the order dated January 9, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the plaintiff-respondent and the defendant-respondent are awarded one bill of costs.

Contrary to the position of Union Carbide Corporation, there is no requirement to provide the fundamental factual information upon which an expert's opinions were made.

Indeed, a party's request for the facts and opinions upon which another party's expert is expected to testify is improper. The requesting party is entitled only to the substance of those facts and opinions *(see, Renucci v Mercy Hosp.,* 124 AD2d 796, 797; CPLR 3101 [d] [1] [i]). The appellant further failed to show any special circumstances supporting its request for additional disclosure *(see, Dioguardi v St. John's Riverside Hosp.,* 144 AD2d 333).

We have reviewed the parties' remaining contentions and find them to be without merit. Mangano, P. J., Bracken, Sullivan and Harwood, JJ., concur.