■ MAUREEN NEDELL, Individually and as Administratrix of the Estate of PHILLIP J. NEDELL, Deceased, Respondent, v ST. GEORGE'S GOLF AND COUNTRY CLUB, INC., Appellant, et al., Defendants. MAUREEN NEDELL, Individually and as Administratrix of the Estate of PHILLIP J. NEDELL, Deceased, Appellant-Respondent, v ST. GEORGE'S GOLF AND COUNTRY CLUB, INC., Respondent-Appellant, et al., Defendants. MAUREEN NEDELL, Individually and as Administratrix of the Estate of

PHILLIP J. NEDELL, Deceased, Respondent, v ST. GEORGE'S GOLF AND COUNTRY CLUB, INC., Appellant, et al., Defendants. [612 NYS2d 842] —Order, Supreme Court, Suffolk County (Melvyn Tanenbaum, J.), entered on or about May 30, 1991, which, *inter alia,* denied defendant's motion to prohibit plaintiff from introducing at trial the testimony of expert witnesses, unanimously affirmed, without costs.

Order, Supreme Court, Suffolk County (Robert W. Doyle, J.), entered October 17, 1991, which denied defendant's motion to preclude plaintiff from introducing the expert testimony of Alan Rosenthal on condition that plaintiff serve, within 30 days of the order a further, more detailed response to defendant's demand for expert witness disclosure, unanimously modified, on the law, the facts and in the exercise of discretion, to deny defendant's motion without condition, and otherwise affirmed, without costs.

Order, Supreme Court, Suffolk County (Robert W. Doyle, J.), entered on or about March 30, 1992, which, upon granting plaintiff's motion for renewal and reargument, modified the order of October 17, 1991, to the extent of granting plaintiff an additional 15 days to serve her further, more detailed response to defendant's demand for expert witness disclosure, and denied defendant's cross motion to preclude plaintiff from introducing the testimony of expert economist for failure to comply with the order of October 17, 1991, with leave to renew in the event plaintiff again failed to provide such disclosure within such 15-day period, unanimously modified, on the law, the facts and in the exercise of discretion, to deny plaintiff's motion as academic, and to deny defendant's cross motion without leave to renew, and otherwise affirmed, without costs.

Plaintiff's response to defendant's demand for expert witness testimony disclosed in "reasonable detail" the substance of the anticipated testimony from Dr. Alan Rosenthal, and was therefore in compliance with CPLR 3101 (d) (1) (i) *(see, Krygier v Airweld, Inc.,* 176 AD2d 700). We would also note that the information provided by plaintiff was no less detailed than that provided by defendant with respect to some of its own expert witnesses.

We have considered all of defendant's arguments and find them to be unpersuasive. Concur—Carro, J. P., Wallach, Rubin and Nardelli, JJ.