■ EDWARD FERRIS et al., Respondents, v MICHAEL MARCHESE, Appellant. [727 NYS2d 227] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly denied defendant's October 1999 motion to strike the note of issue and statement of readiness. The basis for that motion was the need for an independent medical examination by an ophthalmologist, and that examination was conducted before the motion was determined.

We further conclude that the court properly denied that part of defendant's April 2000 motion seeking to compel Edward Ferris (plaintiff) to provide employment record authorizations and Federal and State income tax returns. "[A]bsent special, unusual or extraordinary circumstances spelled out factually, the motion court lacks discretion to permit further discovery after the note of issue and statement of readiness have been filed" (*Gould v Marone*, 197 AD2d 862; *see, Laudisio v Diamond "D" Constr. Corp.*, 281 AD2d 942).

The court also properly denied that part of defendant's April 2000 motion seeking further expert disclosure pursuant to CPLR 3101 (d) (1) (i). Contrary to defendant's contention, plaintiffs disclosed in reasonable detail a summary of the grounds for the opinion of their economist (*see, Krygier v Airweld, Inc.*, 176 AD2d 700, 700-701).

The court erred, however, in granting plaintiffs' cross motion seeking partial summary judgment on liability and dismissal of the affirmative defense of contributory negligence (*see,* CPLR 1411). Plaintiff was injured when defendant accidentally discharged a nail gun while descending a ladder, striking plaintiff in the head. The nail gun discharged when it came into contact with plaintiff, who was working at ground level beneath defendant. At his examination before trial, plaintiff admitted that he was unaware that defendant was descending the ladder.

"Summary judgment is rarely appropriate in negligence cases" (*Miles v Licata*, 227 AD2d 982). A "plaintiff will generally be entitled to summary judgment 'only in cases in which there is no conflict at all in the evidence, the defendant's conduct fell far below any permissible standard of due care, and the plaintiff's conduct either was not really involved * * * or was clearly of exemplary prudence in the circumstances' " (*Andre v Pomeroy*, 35 NY2d 361, 365, quoting 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3212.03). Here, summary judgment was inappropriate because there is an issue of fact whether plaintiff contributed to the accident by his actions (*see generally, Miles v Licata, supra*). We therefore modify the order by denying plaintiffs' cross motion and reinstating the affirmative defense. (Appeal from Order of Supreme Court, Genesee County, Notaro, J.—Summary Judgment.) Present—Green, J. P., Hayes, Wisner, Kehoe and Lawton, JJ.