■ CHRISTOPHER COLOME et al., Respondents, v GRAND CONCOURSE 2075 LLC et al., Appellants, et al., Defendants. [754 NYS2d 536] —Order, Supreme Court, Bronx County (Anne Targum, J.), entered on or about August 7, 2002, which granted the motion of defendants-appellants Grand Concourse 2075 LLC and MMR Management to preclude plaintiffs from offering expert testimony on liability, only to the extent of adjourning the trial of the matter to permit defendants-appellants the opportunity to retain their own expert, unanimously affirmed, without costs.

The motion court properly exercised its discretion in declin-

ing to preclude plaintiffs from offering testimony of a liability expert, despite a delay in providing expert disclosure. The record amply demonstrates that plaintiffs' failure to timely comply with the notice requirements of CPLR 3101 (d) (1) was not willful and was not prejudicial (*see Flour City Architectural Metals v Sky-Lift Corp.*, 242 AD2d 471), particularly after the motion court adjourned the trial for one month to give defendants the opportunity to retain their own expert (*see Gallo v Linkow*, 255 AD2d 113, 117).

Appellants' contention that sanctions should be imposed pursuant to CPLR 3126 for plaintiffs' failure to timely disclose a videotape prepared by their liability expert is not properly before us, such relief not having been sought in the motion court. Were we to review the contention, however, we would find it to be without merit inasmuch as the record is devoid of evidence demonstrating that plaintiffs' delayed compliance with any discovery orders was willful, contumacious or due to bad faith (*see Corner Realty 30/7 v Bernstein Mgt. Corp.*, 249 AD2d 191, 193). Concur—Nardelli, J.P., Mazzarelli, Buckley, Williams and Lerner, JJ.