■ ERLENE WHITE, Individually and as Administratrix of the Estate of LARRY WHITE, Deceased, Respondent, v COUNTY OF ERIE, Appellant, and DIETRICH V. JEHLE, M.D., Respondent. (Appeal No. 1.) [765 NYS2d 817] —Appeal from an order of Supreme Court, Erie County (Glownia, J.), entered March 13, 2003, which, inter alia, granted plaintiff's motion for leave to discontinue the action against defendant Dietrich V. Jehle, M.D.

■ ERLENE WHITE, Individually and as Administratrix of the Estate of LARRY WHITE, Deceased, Respondent, v COUNTY OF ERIE, Appellant, and DIETRICH V. JEHLE, M.D., Respondent. (Appeal No. 2.) [765 NYS2d 408] —Appeal from a resettled order of Supreme Court, Erie County (Glownia, J.), entered April 3, 2003, which, inter alia, granted plaintiff's motion for leave to discontinue the action against defendant Dietrich V. Jehle, M.D.

It is hereby ordered that the resettled order so appealed from be and the same hereby is unanimously modified on the law by denying plaintiff's motion for leave to discontinue the

action against defendant Dietrich V. Jehle, M.D., denying the cross motion of defendant Dietrich V. Jehle, M.D., vacating the declaration and reinstating the cross claim of defendant County of Erie against defendant Dietrich V. Jehle, M.D. and as modified the resettled order is affirmed without costs.

Memorandum: Plaintiff commenced this action to recover damages for the conscious pain and suffering and wrongful death of her husband (decedent) from anaphylactic shock resulting from the administration of oral penicillin during his treatment in the emergency department of Erie County Medical Center (ECMC). Decedent was treated both by personnel employed by ECMC and by defendant Dietrich V. Jehle, M.D., who served as director of the emergency department pursuant to a professional services agreement between ECMC and the State University of New York (SUNY), which employed Jehle. Plaintiff initially sued both the County of Erie (County) and Jehle for medical malpractice, alleging that Jehle was employed by the County. Now, however, plaintiff contends that the County is liable for Jehle's alleged malpractice pursuant to the doctrine of apparent or ostensible agency (*see Mduba v Benedictine Hosp.*, 52 AD2d 450 [1976]; *see generally Hill v St. Clare's Hosp.*, 67 NY2d 72, 79-81 [1986]). On the eve of trial, plaintiff moved orally for leave to discontinue the action against Jehle. The County opposed that motion and, in the alternative, cross-moved, inter alia, to convert its cross claim against Jehle for contribution or indemnification to a third-party action to be tried simultaneously with the main action in the event that plaintiff's motion was granted. Jehle, in turn, cross-moved for a declaration that the County is required to defend and indemnify him pursuant to section 18 of the Public Officers Law. Supreme Court granted plaintiff's motion, denied the County's cross motion in its entirety, granted Jehle's cross motion to the extent of declaring that the County is obligated to defend Jehle "in this action," and dismissed the County's cross claim without prejudice.

We conclude that the court abused its discretion in granting plaintiff's motion to discontinue the action against Jehle and in dismissing the County's cross claim. "While the authority of a court to grant or to deny an application made to it pursuant to CPLR 3217 (subd. b) by a party seeking voluntarily to discontinue litigation is within its sound discretion, ordinarily a party cannot be compelled to litigate and, absent special circumstances, discontinuance should be granted * * *. Particular prejudice to the defendant or other improper consequences flowing from discontinuance may however make denial of dis-

continuance permissible or * * * obligatory" (*Tucker v Tucker*, 55 NY2d 378, 383-384 [1982]; *see 25 Jay St. Tenants' Assoc. v 25 Jay St.*, 290 AD2d 503, 504 [2002]; *East 4th St. Garage v Estate of Berkowitz*, 265 AD2d 249, 249-250 [1999]). "The court must consider whether substantial rights have accrued * * * as well as the stage that litigation has reached; the later the stage, the greater should be the court's scrutiny of the plaintiff's motives" (*Kane v Kane*, 163 AD2d 568, 570 [1990]).

Here, the rights and duties between Jehle and the County with respect to malpractice claims based on Jehle's conduct are fixed by the professional services agreement between ECMC and SUNY, which Jehle concedes is both valid and binding on him. Pursuant to that agreement, participating physicians such as Jehle, who are described in the agreement as independent contractors, are obligated to carry their own malpractice insurance, and Jehle has a policy affording him $1,000,000 coverage for this action. The agreement further provides that ECMC will furnish excess malpractice insurance for participating physicians, who agree to waive the provisions of General Municipal Law § 50-d and Public Officers Law § 18 only to the extent of such primary and excess insurance coverage. Finally, the agreement obligates ECMC to indemnify participating physicians for malpractice awards greater than the combined insurance coverage and also to defend and indemnify any participating physician pursuant to section 18 only with respect to claims arising from "an act or omission of the physician in rendering [a]dministrative services to [ECMC] or medical staff organization." Thus, pursuant to the agreement, any malpractice claims against Jehle must be defended and indemnified first by Jehle's malpractice insurer, with excess coverage afforded by ECMC's excess insurance and also potentially by ECMC itself.

Plaintiff has not settled the action against Jehle and, while she continues to contend that ECMC's potential liability is "primarily" based on the malpractice of Jehle, she further contends that an ECMC nurse also committed malpractice. The basis for plaintiff's motion to discontinue the action against Jehle is that, in support of a prior summary judgment motion, the County submitted an expert affidavit agreeing with Jehle's expert that Jehle's treatment of decedent was within the applicable standard of care. Thus, by discontinuing the action against Jehle, plaintiff would be opposed by only one party, rather than two, on the issue of Jehle's alleged malpractice. That was not a sufficient basis upon which to grant plaintiff's motion to discontinue the action against Jehle and to dismiss

the cross claim without prejudice. The comparative fault, if any, of decedent, Jehle and the ECMC nurse should be assessed in the same trial, with all parties independently represented. It would be unfair and prejudicial to relegate the County to a subsequent action for indemnification, particularly in light of the fact that Jehle defended the action through his malpractice carrier for more than 3½ years prior to plaintiff's motion to discontinue the action against him.

The court properly determined, however, that plaintiff's expert disclosure is sufficient and therefore properly denied the County's motion insofar as it sought to preclude plaintiff from offering expert testimony at trial (see *Colome v Grand Concourse 2075,* 302 AD2d 251, 251-252 [2003]; *Neumire v Kraft Foods,* 291 AD2d 784, 786 [2002], *lv denied* 98 NY2d 613 [2002]; *Barrowman v Niagara Mohawk Power Corp.,* 252 AD2d 946 [1998], *lv denied* 92 NY2d 817 [1998]). We therefore modify the resettled order by denying plaintiff's motion for leave to discontinue the action against Jehle, denying Jehle's cross motion, vacating the declaration and reinstating the County's cross claim against Jehle. Present—Pine, J.P., Hurlbutt, Scudder, Kehoe and Lawton, JJ.