■ ALLISON CONWAY, Appellant, v ELITE TOWING & FLATBED-DING CORP. et al., Respondents. [22 NYS3d 911]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Lefkowitz, J.), dated December 24, 2014, as denied that branch of her motion which was to compel the defendants to provide further disclosure of the anticipated testimonies of their expert witnesses.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court did not improvidently exercise its discretion in denying that branch of the plaintiff's motion which was to compel the defendants to provide further disclosure regard-

ing the anticipated testimonies of their expert witnesses (*see Foley v American Ind. Paper Mills Supply Co.*, 222 AD2d 401, 402 [1995]; *Nedell v St. George's Golf & Country Club*, 203 AD2d 121 [1994]). The defendants' expert disclosure statements sufficiently disclosed in reasonable detail the subject matter and the substance of the facts and opinions on which the experts were expected to testify, and a summary of the grounds for their opinions (*see* CPLR 3101 [d] [1] [i]; *Mary Imogene Bassett Hosp. v Cannon Design, Inc.*, 97 AD3d 1030, 1032 [2012]; *Cocca v Conway*, 283 AD2d 787, 788 [2001]; *see also Hoberg v Shree Granesh, LLC*, 85 AD3d 965 [2011]; *Gagliardotto v Huntington Hosp.*, 25 AD3d 758, 759 [2006]). Contrary to the plaintiff's contention, there is no requirement that the expert set forth the specific facts and opinions upon which he or she is expected to testify, but rather only the substance of those facts and opinions (*see Mary Imogene Bassett Hosp. v Cannon Design, Inc.*, 97 AD3d at 1032; *Barrowman v Niagara Mohawk Power Corp.*, 252 AD2d 946, 946-947 [1998]; *Foley v American Ind. Paper Mills Supply Co.*, 222 AD2d at 402; *Krygier v Airweld, Inc.*, 176 AD2d 700, 701 [1991]; *Renucci v Mercy Hosp.*, 124 AD2d 796, 797 [1986]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.