■ WILLIAM TATE-MITROS, Appellant, v MTA NEW YORK CITY TRANSIT, Also Known as NEW YORK CITY TRANSIT AUTHORITY, et al., Respondents. [41 NYS3d 214]—

Judgment, Supreme Court, New York County (Carol E. Huff, J.), entered November 24, 2015, dismissing the complaint upon

a jury verdict in defendants' favor, unanimously reversed, on the law and in the interest of justice, without costs, the judgment vacated and the matter remanded for a new trial.

The jury found that the rear tire of an MTA articulated bus had not run over plaintiff's right foot, causing a crush injury, after he was caused to fall on the sidewalk by the bus. On appeal plaintiff argues that defendants' medical expert disclosure notice under CPLR 3101 (d) (1) was insufficiently detailed and did not allow him to prepare a complete case, and that the court incorrectly precluded the testimony of his medical expert on rebuttal, and unnecessarily limited the rebuttal testimony of his expert engineer.

The CPLR 3101 (d) disclosure notice for Dr. Robert Kurtz, a specialist in surgical critical care and trauma, indicated that he would testify "within a reasonable degree of medical certainty that the plaintiff's injury was inflicted by something less massive than the bus in question," and that in his opinion, "it would be unlikely that these injuries had occurred as stated by the plaintiff." Dr. Kurtz testified that in his experience, a heavy vehicle rolling over any part of the anatomy leaves tire tread marks, which plaintiff's foot did not have. The doctor opined that for the accident to have happened as plaintiff claimed, his ankle would have been at the very least twisted unnaturally, the long bones of the feet, the metatarsals, would have been broken in addition to the toes, and there would have been significantly more soft tissue trauma from the weight of the bus. Therefore, Dr. Kurtz opined plaintiff was not injured by a bus. On cross-examination, Dr. Kurtz conceded that he was not an accident reconstructionist and did not have the professional expertise to state that plaintiff could not have fallen and been injured as claimed.

The CPLR 3101 (d) (1) notice for Joseph Covelli, an MTA supervisor and an expert in accident and incident investigations, stated that he would testify "within a reasonable degree of engineering certainty that the bus could not have mounted the sidewalk as the plaintiff stated"; his opinion was that "the front and center of an articulated M15 bus would have had to mount the front tires [sic] of a sidewalk before the rear tires would be able to mount the same sidewalk." His testimony was consistent with his notice, although he also opined that if the entire bus had mounted the sidewalk, its right-side mirror would have been knocked off by the trees planted in the sidewalk. On cross-examination, he admitted that he had not measured the distance of the trees from the curb, and did not know where on the sidewalk plaintiff claimed he was standing,

and could not actually determine if the bus would have been driven deeply enough on the sidewalk to have been damaged by the trees.

After the defense rested, plaintiff's attorney sought permission to call two rebuttal witnesses. He submitted a CPLR 3101 (d) (1) notice for an expert in biomechanical medicine, arguing that the disclosure notice for Dr. Kurtz had provided no indication that the doctor's opinion was based on the lack of tread marks or injury to the metatarsals and ankle. He argued that the notice's insufficiency had not allowed him to prepare an expert witness to address these issues directly. His proposed expert would demonstrate, by use of an anatomical model of a foot, that plaintiff's foot could have been positioned after he fell in such a manner that when the bus wheel rolled over his foot, his ankle and upper foot would not have been injured as Dr. Kurtz claimed. The court denied his request based on the timing of the notice and its reasoning that no rebuttal was needed.

The court granted permission for testimony by Nicholas Bellizzi, a transportation engineer for whom CPLR 3101 (d) (1) notice had been provided, to dispute Covelli's description of the turning function in an articulated bus. He was precluded from presenting the exact measurements of the sidewalk, curb, and trees and any discussion of how the bus could have caused plaintiff to fall.

We find that Dr. Kurtz's CPLR 3101 (d) (1) disclosure notice was legally sufficient; it provided plaintiff with notice that the doctor would question whether a bus would have caused the injuries sustained by plaintiff. It is improper for a party to request the facts and opinions upon which another party's expert is expected to testify (*see Krygier v Airweld, Inc.*, 176 AD2d 700, 701 [2d Dept 1991]; *see also Weininger v Hagedorn & Co.*, 203 AD2d 208, 209 [1st Dept 1994]; *Conway v Elite Towing & Flatbedding Corp.*, 135 AD3d 893, 894 [2d Dept 2016] ["no requirement that (an) expert set forth the specific facts and opinions upon which he or she is expected to testify, . . . only the substance"]).

"The question of whether to permit the introduction of rebuttal evidence rests within the sound discretion of the trial court, and the court's decision in that regard should not ordinarily be disturbed on appeal absent a clear abuse of discretion" (*Wilmot v Methodist Hosp.*, 202 AD2d 304, 304 [1st Dept 1994]). However, a party should not be precluded from presenting expert testimony merely because of noncompliance with CPLR 3101 (d) (1) (i), unless there is evidence of a willful failure to

disclose and a showing of prejudice by the opposing party (*see Green v William Penn Life Ins. Co. of N.Y.*, 74 AD3d 570, 575 [1st Dept 2010]; *Colome v Grand Concourse 2075*, 302 AD2d 251, 252 [1st Dept 2003]). The burden is on the party seeking to introduce the evidence to show a good cause reason for the delay (*see Green* at 575).

Any error in limiting the rebuttal testimony by Bellizzi was insubstantial given that the limitations related to minor issues that defendants did not rely upon.

However, notwithstanding the delay by plaintiff in providing a CPLR 3101 (d) (1) disclosure for his medical expert, the trial court, in the interest of justice, should have permitted the medical expert to testify in rebuttal. The court had allowed Dr. Kurtz to opine that there were inconsistencies between the claim of how the accident occurred and the resulting injuries, and although the testimony was not in his expertise, it was heard by the jury and opened the door to the necessity for plaintiff to produce a medical expert to attempt to rebut those opinions. It simply cannot be presumed, had plaintiff been allowed to present his accident reconstructionist in rebuttal, that the jury would have found that plaintiff had not been injured by an MTA bus. Accordingly, we remand for a new trial. Concur—Sweeny, J.P., Manzanet-Daniels, Feinman, Kapnick and Webber, JJ.