M.V.B. Collision, Inc. v Allstate Ins. Co. (2020 NY Slip Op 05737)





M.V.B. Collision, Inc. v Allstate Ins. Co.


2020 NY Slip Op 05737


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2019-06838
 (Index No. 11602/12)

[*1]M..B. Collision, Inc., respondent, 
v
Allstate Insurance Company, appellant.


Rivkin Radler LLP, Uniondale, NY (Cheryl F. Korman, Henry Mascia, and J'Naia L. Boyd of counsel), for appellant.
Steven F. Goldstein, LLP, Carle Place, NY (Gina M. Arnedos of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for violation of General Business Law § 349, the defendant appeals from an order of the Supreme Court, Nassau County (Anthony L. Parga, J.), entered April 5, 2019. The order denied the defendant's motion to preclude the plaintiff's expert from testifying at trial or, alternatively, to compel the deposition of the plaintiff's expert.
ORDERED that the order is affirmed, with costs.
The plaintiff, which owned and operated an auto repair shop, commenced this action against the defendant insurer, inter alia, to recover damages for violation of General Business Law § 349. After the plaintiff served expert witness disclosure pursuant to CPLR 3101(d), the defendant moved to preclude the testimony of the plaintiff's expert for failure to comply with that statute or, alternatively, to compel a deposition of the plaintiff's expert. The Supreme Court denied the motion, and the defendant appeals.
Pursuant to CPLR 3101(d)(1)(i), a litigant is required to "disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion." However, "there is no requirement that the expert set forth the specific facts and opinions upon which he or she is expected to testify, but rather only the substance of those facts and opinions" (Conway v Elite Towing & Flatbedding Corp., 135 AD3d 893, 894). "Trial courts are vested with broad discretion 'in making determinations concerning matters of disclosure,' including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(I)" (Mazzurco v Gordon, 173 AD3d 1001, 1002, quoting Arpino v F.J.F. & Sons Elec. Co., Inc., 102 AD3d 201, 209).
Here, the Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was to preclude the plaintiff's expert from testifying at trial as the plaintiff's expert witness disclosure was sufficient to satisfy the dictates of CPLR 3101(d)(1)(i) (see [*2]Conway v Elite Towing & Flatbedding Corp., 135 AD3d at 894). Furthermore, the defendant failed to demonstrate its entitlement to a deposition of the plaintiff's expert (see CPLR 3101[d][1][iii]).
BALKIN, J.P., AUSTIN, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court