Velez v Roy (2021 NY Slip Op 01137)





Velez v Roy


2021 NY Slip Op 01137


Decided on February 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

Before: Renwick, J.P., Kern, Singh, Shulman, JJ. 


Index No. 22599/14 Appeal No. 13163 Case No. 2019-5310 

[*1]Sorrell Velez, as Administrator of the Estate of Juan Velez, Plaintiff-Respondent,
v
Kandarpo Roy et al., Defendants-Appellants.


McGivney, Kluger, Clark & Intoccia, P.C., New York (Stephen B. Toner of counsel), for appellants.
Roth & Roth, LLP, New York (Elliot Shields of counsel), for respondent.



Order, Supreme Court, Bronx County (Paul L. Alpert, J.), entered June 5, 2019, which, to the extent appealed from as limited by the briefs, denied defendants' motion to set aside the jury verdict on the issue of liability, unanimously affirmed, without costs.
The decedent died a short while after being struck by defendants' vehicle. The jury"s finding that the decedent experienced pain and suffering before he died is supported by a passerby's testimony that the decedent was conscious for a total of about 20 to 30 seconds and plaintiff's expert's testimony that the decedent would have felt pain and suffering while conscious (see Oates v New York City Tr. Auth., 138 AD3d 470 [1st Dept 2016], affd 28 NY3d 1046 [2016]; Filipinas v Action Auto Leasing, 48 AD3d 333 [1st Dept 2008]).
The trial court providently exercised its discretion in admitting into evidence a copy of the surveillance video footage of the accident. The fact that the copy was produced by the NYPD through a Freedom of Information Law Request and the investigating detective's testimony that it was the same footage that he had viewed on the original video constitute sufficient authentication (see People v Reed, 169 AD3d 573, 574 [1st Dept 2019]).
Plaintiff's expert disclosure notice disclosed in "reasonable detail" the substance of the expert's anticipated testimony (CPLR 3101[d][1][i]) by setting forth the evidence on which the expert would base his opinion, including the autopsy report, and that the expert would opine that the decedent experienced conscious pain and suffering before he died (see also Tate-Mitros v MTA N.Y. City Tr., 144 AD3d 454, 456 [1st Dept 2016]). There is no requirement that an expert set forth the specific facts and opinions that will be encompassed in his or her anticipated testimony (Conway v Elite Towing & Flatbedding Corp., 135 AD3d 893, 894 [2d Dept 2016]).
Plaintiff"s counsel's complained-of statements to the jury during summation were in response to defense counsel's comments to the jury, and did not "create a climate of hostility that so obscured the issues as to have made the trial unfair" (Wilson v City of New York, 65 AD3d 906, 908 [1st Dept 2009] [internal quotation marks omitted]; see also Chappotin v City of New York, 90 AD3d 425 [1st Dept 2011], lv denied 19 NY3d 808 [2012]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 18, 2021