Nova Acupuncture, P.C. v Esurance (2022 NY Slip Op 50555(U))

[*1]

Nova Acupuncture, P.C. v Esurance

2022 NY Slip Op 50555(U) [75 Misc 3d 135(A)]

Decided on June 3, 2022

Appellate Term, Second Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 3, 2022
SUPREME COURT, APPELLATE TERM, SECOND
DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : THOMAS P. ALIOTTA, P.J., WAVNY TOUSSAINT, DONNA-MARIE E.
GOLIA, JJ

2019-1263 K C

Nova Acupuncture, P.C., as Assignee of
Tequilla Kelley, Appellant, 
against
Esurance, Respondent. 

The Rybak Firm, PLLC (Damin J. Toell of counsel), for appellant.
Bruno, Gerbino, Soriano & Aitken, LLP (Susan B. Eisner of counsel), for respondent.

Appeal from a judgment of the Civil Court of the City of New York, Kings County (Steven
Z. Mostofsky, J.), entered December 8, 2015. The judgment, after a nonjury trial, dismissed the
complaint.

ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the
Civil Court for the entry of a judgment in favor of plaintiff in the principal sum of $3,092.13,
following a calculation of statutory no-fault interest and an assessment of attorney's fees.
At the commencement of a nonjury trial in this action by a provider to recover assigned
first-party no-fault benefits, the parties stipulated that plaintiff had established its prima facie
case and that defendant had timely denied the claims at issue. The parties agreed that the only
issue for trial was the application of the workers' compensation fee schedule. After the trial court
marked as exhibits the denial of claim forms, defendant stated that it did not have a witness to
testify regarding the fee schedule and that, pursuant to this court's decision in Great Wall Acupuncture, P.C. v Geico Ins.
Co. (26 Misc 3d 23 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), a
witness was unnecessary. After oral argument, the Civil Court granted judgment to defendant
dismissing the complaint.
While the parties' appellate briefs dispute whether, in light of Global Liberty Ins. Co. of NY v
Acupuncture Now, P.C. (178 AD3d 512 [2019]), defendant was permitted to pay
plaintiff's claims for acupuncture services performed by an acupuncturist using the workers'
compensation fee schedule for chiropractors (see Great Wall Acupuncture, P.C. v Geico Ins. Co., 26 Misc 3d 23
[2009] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2009]), we need not reach that issue
as, in any event, defendant, at trial, failed to sustain its burden of proof. Even, if, as defendant
contends, it was entitled to pay plaintiff's claims using the workers' compensation fee schedule
[*2]for chiropractors, defendant failed to demonstrate that it had
properly utilized the codes set forth within that workers' compensation fee schedule to calculate
the amount which plaintiff was entitled to recover for each service rendered (see Acupuncture Healthcare Plaza I, P.C. v
Metlife Auto & Home, 54 Misc 3d 142[A], 2017 NY Slip Op 50207[U] [App
Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the
entry of a judgment in favor of plaintiff in the principal sum of $3,092.13, following a calculation
of statutory no-fault interest and an assessment of attorney's fees.
ALIOTTA, P.J., TOUSSAINT and GOLIA, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 3, 2022