Speken v Dental Pyramids, P.C. (2022 NY Slip Op 50530(U))

[*1]

Speken v Dental Pyramids, P.C.

2022 NY Slip Op 50530(U) [75 Misc 3d 135(A)]

Decided on June 27, 2022

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

As corrected in part through July 25, 2022; it will not be
published in the printed Official Reports.

Decided on June 27, 2022
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Hagler, J.P., Tisch, Michael, JJ.

570134/22

Stephanie Speken, Plaintiff-Appellant,
against
Dental Pyramids, P.C., Imad Ayoubi, D.D.S.,
Defendants-Respondents. 
 and Stephen Gelfman, D.D.S., M.D., and Cary H. Miles, D.D.S., LLP and Cary H.
Miles, D.D.S., Defendants.

Plaintiff appeals from an order of the Civil Court of the City of New York, New York
County (Hilary Gingold, J.), entered January 19, 2022, which denied her motion to compel
further disclosure from defendants-respondents' expert witness in a dental malpractice
action.

Per Curiam.
Order (Hilary Gingold, J.), entered January 19, 2022, affirmed, with $10 costs.
Civil Court providently exercised its broad discretion in denying plaintiff's motion to compel
defendants-respondents to submit a further expert response pursuant to CPLR 3101(d)(1)(i)
(see Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1002 [2016]; M.V.B. Collision, Inc. v Allstate Ins.
Co., 187 AD3d 884, 885 [2020]). Defendants-respondents' expert disclosure statement
disclosed in "reasonable detail" the qualifications of their expert witness, the subject matter and
the substance of the facts and opinions on which the expert was expected to testify, and a
summary of the grounds for the expert's opinion (CPLR 3101[d][1][i]; see Velez v Roy, 191 AD3d 571,
572 [2021]; Conway v Elite Towing
& Flatbedding Corp., 135 AD3d 893, 894 [2016]).
We have reviewed plaintiff's remaining contentions and find them to be without merit.
All concur
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 27, 2022