Katz v Petre Glass & Mirror Corp. (2024 NY Slip Op 00899)

Katz v Petre Glass & Mirror Corp.

2024 NY Slip Op 00899

Decided on February 21, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 21, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
LARA J. GENOVESI
LOURDES M. VENTURA, JJ.

2022-05679
 (Index No. 51644/19)

[*1]Michael Katz, appellant, 
v
Petre Glass and Mirror Corp., respondent (and a third-party action).

Michael A. Katz, Katonah, NY, appellant pro se.
Gary A. Cusano, Bedford Hills, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated July 12, 2021. The order denied the plaintiff's motion to preclude the defendant from offering expert testimony at trial or, in the alternative, to compel the deposition of the defendant's expert.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action, inter alia, to recover damages for breach of contract against the defendant, alleging, among other things, that the defendant improperly installed a shower enclosure in the plaintiff's home. The plaintiff served the defendant with a request for expert witness disclosure, to which the defendant responded by serving an expert disclosure. Thereafter, the plaintiff moved, among other things, to preclude the defendant from offering expert testimony at trial. The defendant opposed the motion. The Supreme Court, inter alia, denied that branch of the plaintiff's motion which was to preclude the defendant from offering expert testimony at trial. The plaintiff appeals.
CPLR 3101(d)(1)(i) provides that, "[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion." "[T]here is no requirement that the expert set forth the specific facts and opinions upon which he or she is expected to testify, but rather only the substance of those facts and opinions" (Conway v Elite Towing & Flatbedding Corp., 135 AD3d 893, 894; see Renucci v Mercy Hosp., 124 AD2d 796, 797). "'Trial courts are vested with broad discretion in making determinations concerning matters of disclosure, including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i)'" (M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 884, 885, quoting Mazzurco v Gordon, 173 AD3d 1001, 1002 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's motion which was to preclude the defendant from offering expert testimony at trial, as the defendant's expert witness disclosure was sufficient to satisfy the requirements of CPLR [*2]3101(d)(1)(i) (see M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d at 885; Conway v Elite Towing & Flatbedding Corp., 135 AD3d at 894).
The plaintiff's remaining contention is without merit.
DILLON, J.P., CHAMBERS, GENOVESI and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court