Ramirez v 255 W. 108th St. Corp. (2025 NY Slip Op 06294)

Ramirez v 255 W. 108th St. Corp.

2025 NY Slip Op 06294

Decided on November 18, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 18, 2025

Before: Webber, J.P., González, Mendez, Rodriguez, Pitt-Burke, JJ. 

Index No. 154692/13|Appeal No. 5181|Case No. 2024-05962|

[*1]Pedro Ramirez, Plaintiff-Appellant,
v
255 West 108th Street Corp. et al., Defendants-Respondents.

Gorayeb & Associates, P.C., New York (John M. Shaw of counsel), for appellant.
Camacho Mauro, LLP, New York (Andrea Sacco Camacho of counsel), for respondents.

Judgment, Supreme Court, New York County (James G. Clynes, J.), entered September 16, 2024, which, upon a jury verdict in favor of defendants on the issue of damages, dismissed plaintiff's complaint, unanimously affirmed, without costs.
At the conclusion of a trial on the issue of damages, the jury returned a verdict in favor of defendants, finding that plaintiff's fall from a ladder was not a substantial factor in causing plaintiff's alleged injuries. Contrary to plaintiff's argument, the jury verdict was not against the weight of the evidence. To show that the verdict is facially insufficient, plaintiff must prove that there is "no valid line of reasoning and permissible inference which could possibly lead rational persons to the conclusion reached by the jury on the basis of the evidence presented at trial" (Mazella v Beals, 27 NY3d 694, 705 [2016]). A jury verdict should be sustained when, upon being presented with conflicting evidence which creates a factual dispute, the jury resolves the controversy in favor of one party upon a fair interpretation of the evidence (see Daniels v Simon, 99 AD3d 658, 659 [2d Dept 2012]; see also Morrobel v Alicea, 236 AD3d 571, 572 [1st Dept 2025]).
Here, the jury was presented with conflicting expert testimony as to whether, as a result of the fall, plaintiff sustained spinal injuries necessitating a cervical fusion and lumbar surgery, or whether the condition of plaintiff's spine was attributed solely to degeneration. Defendants' position that plaintiff's injuries were pre-existing and not caused by the accident was supported by degeneration depicted on spinal films and the absence of trauma to the spine on admission to the emergency room. Plaintiff's medical witnesses opined, also based upon the films, that plaintiff's herniated discs were unrelated to the presence of degenerative disease and caused by the accident. However, they conceded that their opinions in part rested upon plaintiff's assertion that he did not suffer from spinal issues prior to the accident. This evidence presented issues of credibility to be resolved by the jury, which had the opportunity to see and hear the witnesses. The jury's resolution of the credibility issues in defendants' favor is supported by a fair interpretation of the evidence. Surveillance video of plaintiff showing him engaging in normal activities, including carrying heavy objects, jogging, and driving, along with inconsistencies between plaintiff's prior deposition testimony and his trial testimony supported defendants' position that the jury should question plaintiff's credibility, and thus his doctors' conclusions.
The court did not improvidently exercise its discretion in denying plaintiff's motion to be recalled as a rebuttal witness to testify concerning the surveillance video (see Tate-Mitros v MTA N.Y. City Tr., 144 AD3d 454, 456-457 [1st Dept 2016]). Plaintiff was aware of the video and was fully capable of testifying to its contents on direct examination (see Leffler v Feld, 79 AD3d 491, 491 [1st Dept 2010]). That plaintiff had driven post-accident, as evidenced by a traffic citation issued to him for driving without a license, was a proper cross-examination subject considering plaintiff's claim that he could no longer drive due to the accident. Even assuming the court erred in allowing into evidence the traffic citation issued to plaintiff for driving without a license, any error was harmless. Further, it was plaintiff who moved the citation into evidence, a curative instruction was requested and issued and neither its wording nor placement in the charge was objected to by plaintiff at trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 18, 2025