United Medicine & Rehabilitation P.C. v Yakobashvili (2025 NY Slip Op 06797)

United Medicine & Rehabilitation P.C. v Yakobashvili

2025 NY Slip Op 06797

Decided on December 04, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 04, 2025

Before: Kern, J.P., Friedman, Gesmer, Pitt-Burke, O'Neill Levy, JJ. 

Index No. 811945/21|Appeal No. 5287|Case No. 2025-04943|

[*1]United Medicine and Rehabilitation P.C. et al., Plaintiffs-Respondents,
v
Dr. Guram Yakobashvili et al., Defendants-Appellants.

Joseph A. Altman P.C., Fleetwood (Joseph A. Altman of counsel), for appellants.
Law Office of Michael H. Joseph, P.L.L.C., White Plains (John V. Tait of counsel), for respondents.

Order, Supreme Court, Bronx County (Ben R. Barbato, J.), entered April 18, 2025, which denied defendants' motion to strike plaintiffs' expert disclosure and to preclude the expert from testifying at trial, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in denying defendants' motion (see CPLR 3101[d][1]; Rivera v Montefiore Med. Ctr., 28 NY3d 999, 1001-1002 [2016]) and finding that plaintiffs' expert disclosure filing was not untimely (see Louise v Hampton Jitney, Inc., 193 AD3d 514, 514 [1st Dept 2021]). The record does not show that the delay in plaintiffs' expert disclosure was due to willful noncompliance or that defendants were prejudiced by the belated disclosure, particularly given that defendants were on notice that plaintiffs intended to engage an economist such as a CPA as an expert witness (see Martin v Triborough Bridge & Tunnel Auth., 73 AD3d 481, 482 [1st Dept 2010], lv denied 15 NY3d 713 [2010]; see also St. Hilaire v White, 305 AD2d 209, 210 [1st Dept 2003]). Further, Supreme Court's adjournment of the matter to provide defendants time to engage a rebuttal expert if they deemed one necessary was appropriate to prevent any prejudice (see Colome v Grand Concourse 2075, 302 AD2d 251, 251-252 [1st Dept 2003]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 4, 2025