Nassau Point Prop. Owners Assn., Inc. v Geroulanos
2026 NY Slip Op 02992
May 13, 2026
Appellate Division, Second Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Nassau Point Property Owners Association, Inc., etc., respondents,
v
Spiro Geroulanos, et al., appellants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department
Decided on May 13, 2026
2024-11413, (Index No. 612666/18)
Angela G. Iannacci, J.P.
Linda Christopher
Barry E. Warhit
Carl J. Landicino, JJ.

Donald Pearce, New York, NY, for appellants.
Keegan & Keegan, Ross & Rosner, Patchogue, NY (Daniel C. Ross of counsel), for respondents.

[*1]
DECISION & ORDER
In an action, inter alia, to recover damages for trespass and related declaratory relief, the defendants appeal from an order of the Supreme Court, Suffolk County (Frank A. Tinari, J.), dated September 4, 2024. The order denied the defendants' motion to preclude the plaintiff from offering expert testimony.
ORDERED that the order is affirmed, with costs.
The plaintiff, Nassau Point Property Owners Association, Inc., commenced this action to recover damages for trespass and related declaratory relief to resolve whether members of a residential neighborhood had the right to use a strip of land, known as Crabbers Road, in Cutchogue. After the defendants filed a demand for expert witness information pursuant to CPLR 3101(d), the plaintiff filed an expert disclosure statement. The defendants then moved pursuant to CPLR 3101(d)(1)(i) and CPLR 3126 to preclude the plaintiff from offering evidence from its expert witness on the ground that the expert disclosure statement was insufficient. In an order dated September 4, 2024, the Supreme Court denied the defendants' motion. The defendants appeal.
"CPLR 3101(d)(1)(i) provides that, '[u]pon request, each party shall identify each person whom the party expects to call as an expert witness at trial and shall disclose in reasonable detail the subject matter on which each expert is expected to testify, the substance of the facts and opinions on which each expert is expected to testify, the qualifications of each expert witness and a summary of the grounds for each expert's opinion'" (Katz v Petre Glass & Mirror Corp., 224 AD3d 825, 825). "'[T]here is no requirement that the expert set forth the specific facts and opinions upon which he or she is expected to testify, but rather only the substance of those facts and opinions'" (id. at 825-826, quoting Conway v Elite Towing & Flatbedding Corp., 135 AD3d 893, 894). "Trial courts are vested with broad discretion in making determinations concerning matters of disclosure, including imposing a penalty on a party for its failure to comply with CPLR 3101(d)(1)(i)" (id. at 826 [internal quotation marks omitted]; see Mazzurco v Gordon, 173 AD3d 1001, 1002). Here, the Supreme Court providently exercised its discretion in denying the defendants' motion to preclude the plaintiff from offering expert testimony, as the plaintiff's expert witness disclosure was sufficient to satisfy the requirements of CPLR 3101(d)(1)(i) (see Katz v Petre Glass & Mirror Corp., 224 AD3d at 826; M.V.B. Collision, Inc. v Allstate Ins. Co., 187 AD3d 884, [*2]885).
IANNACCI, J.P., CHRISTOPHER, WARHIT and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court